IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANTHONY HILLIARD,                    )
                                     )
            Petitioner,              )
                                     )
    v.                               )        CASE NO.:    04-40170-PBS
                                     )
DAVID L. WINN,                       )
                                     )        GOVERNMENT'S RESPONSE TO
            Respondent.              )        PETITION FOR WRIT OF HABEAS
                                     )        CORPUS_____
                                     )

## INTRODUCTION

The Respondent, David L. Winn, as he is Warden of the Federal Medical Center, Devens

(FMC Devens), files this response[1] to the Petitioner's Petition for Writ of Habeas Corpus under

28 U.S.C. § 2241 (Petition), and requests that this Court dismiss the Petition under Fed. R. Civ.

P. 12(b)(1) for failure to exhaust administrative remedies, and Rule 12(b)(6) for failure to state a

claim upon which relief can be granted, in that established precedent makes clear there is no due

process liberty interest in being assigned to a particular penal institution.

## STATEMENT OF FACTS

Petitioner Anthony Hilliard, Register Number 18518-051, is a federal inmate

incarcerated at FMC Devens, Massachusetts.  On August 16, 2001, he was sentenced in the

---

[1]28 U.S.C. § 2241 is the appropriate statute for challenging the administration of sentences.
Petitioner has improperly named Unit Manager Janis Johnson, Lieutenant A. Colon, and "Jane Doe, the
Director of Sex Offenders," as Respondents.  All three must be dismissed.  It is well settled that the
proper respondent in a habeas action is the Warden of the institution where the Petitioner is currently
being held.  See Yi v. Maugans, 24 F.3d 500 (3d cir. 1994); Blanco v. Thornburgh, 942 F.2d 1487 (10th
Cir. 1991); United States v. Kennedy, 851 F.2d 689 (3d Cir. 1988); Guerra v. Meese, 786 F.2d 414, 416
(D.C. Cir. 1986); Diognenes v. Malcolm, 600 F. Supp. 815 (1985).    28 U.S.C. § 2242 provides that an
application for a writ of habeas corpus shall "name . . . the person who has custody over [the petitioner] . .
." 28 U.S.C. § 2243 provides that the writ, or order to show cause, "shall be directed to the person having
custody of the person detained."  Thus, the proper respondent in an inmate's habeas corpus petition is the
warden at the place of Petitioner's incarceration.  See Diogenes, supra, at p. 816.

United States District Court for the District of New Mexico to a 156 month term of

imprisonment with five (5) years of supervised release for Possession With Intent To Distribute

50 Grams and More of Cocaine Base, in violation of 21 U.S.C. § 841 (B)(1) (A). He also was

sentenced to a 156 month term of imprisonment with four (4) years of supervised release for

Possession With Intent To Distribute More Than 500 Grams of Cocaine, a violation of 21 U.S.C.

§ 841 (B)(1)(B).  The Court ordered that the terms of sentence and supervised release imposed

should run concurrently.  See Public Information Data, Exhibit (Ex.) A to the Declaration of

Attorney Advisor Ann Zgrodnik (Zgrodnik Decl.), filed herewith.  Petitioner was committed to

the custody of the Federal Bureau of Prisons on November 28, 2001.  Id.  On January 20, 2004,

Petitioner was transferred to FMC Devens, Massachusetts. Id.  Assuming he receives all Good

Conduct Time available to him under 18 U.S.C. § 3624 (b), his projected satisfaction date of this

sentence is May 23, 2012.  In the event that all of his remaining Good Conduct Time is

disallowed, his full term expiration date is January 24, 2014.  Id.

On August 5, 2004, upon his request, Petitioner was seen by Dr. Cheryl Renaud,

Coordinator of the Sex Offender Management Program[2] (SOMP) at FMC Devens.[3]  See

---

[2]  The Sex Offender Management Program ("SOMP") was established in 2004 at FMC Devens, Massachusetts.  The SOMP is a mandatory program designed to help sex offenders manage their sexual behavior and reduce sexual recidivism.  An important goal of this program is to help sex offenders change their criminal lifestyle and become honest, responsible, law-abiding citizens with effective self-control skills.  SOMP participants have the same rights and responsibilities as other inmates at FMC Devens, including the right to personal safety, and to being treated respectfully, impartially, and fairly.  Thus, disciplinary action will be taken against any inmate who harasses, threatens, or otherwise harms a sex offender, or any other inmate.  As is the case with all inmates at FMC Devens, SOMP participants are expected to comply with all the rules and regulations governing inmate conduct as defined by the Federal Bureau of Prisons.  See Zgrodnik Decl., Ex. B, FMC Devens Admission & Orientation Inmate Handbook, at 2.

[3]  Petitioner is not a participant of the SOMP as he does not have a past or present sex offense conviction.  See Zgrodnik Decl., Ex. C, Security Designation Data for inmate Anthony Hilliard, Reg. No. 18518-051.  See also Id., Ex. D, Male Custody Classification Form for inmate Anthony Hilliard, Reg. No.

Zgrodnik Decl., Ex. E, Brief Counseling Session with Inmate Anthony Hilliard, Reg. No. 18518-051. During this session Petitioner complained that he had recently been moved to H Unit, the "sex offender unit." Id. He stated that "there are children in his family who were sexually victimized, and he 'hates' anyone who abuses children." Id. He "adamantly expressed that he does not want to be around sex offenders." Id. He stated that he fears he may at some point lose control. Id. Dr. Renaud explained to him "that he had been misinformed; although there is a SOMP at this institution, H Unit is not a housing unit for sex offenders (there are sex offenders housing in every unit of this institution)." Id. Petitioner stated that "he would prefer to spend a year in the Special Housing Unit than living in a sex offender unit." Id. Petitioner "denied that he was going to harm anyone, as he was aware of the potential consequences to himself should he do so (i.e., incur criminal charges)." Id. He informed the SOMP Coordinator that he was going to "calm down" for the weekend, and appeared less agitated by the end of the session. Id. Dr. Renaud noted that on August 5, 2004, Petitioner was not considered to pose an immediate threat to himself or others. Id.

On August 6, 2004, Petitioner approached SIS Lieutenant Alan Colon while Colon was walking down the compound. See Decl., Ex. F, Memorandum by SIS Lieutenant A. Colon. Petitioner complained that he did not want to be in H-unit and that he feared that he is going to hurt someone. Id. On August 6, 2004, Petitioner approached Lieutenant Colon in the compound area and again told SIS Lieutenant Colon that he did not feel comfortable being housed in H-unit because there are too many sexual offenders. Id. Petitioner told Lieutenant Colon that he did not want to be in H unit as he felt that he was going to snap and hurt any of the sexual offenders.

_____

18518-051.

3

At approximately 9:30 a.m. on August 6, 2004, Lieutenant Colon ordered Petitioner to be placed

in Administrative Detention (Special Housing Unit) pending an SIS investigation for making

threats.  See Id., Decl., Ex. G, Administrative Detention Order.  Petitioner was housed in the

Special Housing Unit until August 26, 2004.  See S Decl., Ex. H, Inmate History Quarters for

inmate Anthony Hilliard, Reg. No. 18518-051.

On or about August 24, 2004, Petitioner submitted a Request for Administrative Remedy

requesting a transfer to another institution as he dislikes being housed with sex offenders.  See

Decl., Ex. I, Request for Administrative Remedy, Case Number 351981-F1, and response

thereto.  In a response dated September 24, 2004, the Warden denied Petitioner's request.  Id.  It

was explained to Petitioner that he was transferred to FMC Devens on January 20, 2004, because

his security level was reduced from medium to low. Id.  He was informed that Bureau of Prisons

Program Statement 5100.07, Security Designation and Custody Classification Manual, indicates

that inmates can be transferred to other institutions based on security criteria, inmate program

needs and other correctional administrative factors.  Program Statement 5100.07 further states

that inmates should be placed in an appropriate facility normally within 500 miles of their

release residence.  It was explained to Petitioner that records indicate that FMC Devens is

approximately 168 miles from his residence.  Id.  The Warden informed Petitioner that he has

twenty (20) days from the date of the response, September 24, 2004, within which to file an

appeal with the Regional Director.  Id.  Records indicate that as of September 27, 2004,

Petitioner has not submitted an appeal with the Northeast Regional Director.  See Decl., Ex. J,

Administrative Remedy Generalized Retrieval Screen for inmate Anthony Hilliard, Reg. No.

18518-051.

4

Petitioner alleges that he has been retaliated against by staff due to the fact that he allegedly informed Respondents of his discomfort with being housed in a unit with sex offenders.  See Petition, pages 5-6.   He claims that he was placed in segregation as a result of his making Respondents aware of his discomfort with sex offenders.  Id.  As relief, Petitioner requests that he be transferred to another institution immediately and that the Respondents refrain from the use of "abuse, cruel and unusual punishment, and retaliatory tactics."  Id. at 6.

## ARGUMENT

### A.    The Petition Should Be Dismissed For Petitioner's Failure to Exhaust His Administrative Remedies.

The Petition should be dismissed for Petitioner's failure to exhaust available administrative remedies.  Under the Prison Litigation Reform Act, a prisoner must exhaust "such administrative remedies as are available" before bringing a civil action in federal court.  42 U.S.C. § 1997e(a).  In Booth v. Churner, 532 U.S. 731, (2001), a unanimous Supreme Court held that Congress mandated completion of any prison administrative remedy process capable of addressing the inmate's complaint and providing some form of relief, "irrespective of the forms of relief sought and offered through administrative avenues."  Id. at 741.  Here, the Bureau of Prisons' computerized data base reveals there is no record that Petitioner fully exhausted his administrative remedies as to all issues raised in the Petition.   Therefore, Petitioner is precluded from seeking relief from this Court.

In Booth, the administrative remedy system at issue was nearly identical to the three-level system in use in the federal prison system.  See Booth, 532 U.S. at 734.  The Supreme Court affirmed dismissal of the case for failure to exhaust the available administrative remedy procedure.  The Court also closed the door on any futility arguments made by the inmate, stating,

5

"we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Id. at 1825.  See also, Hartsfield v. Vidor, 199 F.3d 205 (6th Cir. 1999);  Wright v. Morris, 111 F.3d 414, 417 n. 3 (6th Cir. 1997), cert. denied, 522 U.S. 906 (1997).

With respect to habeas petitions, it is well settled that failure to exhaust all stages of the administrative remedy system is a proper basis for dismissal.  United States v. Brann, 990 F.2d 98 (3d Cir. 1993); Gonzalez v. Perrill, 919 F.2d 1 (2d Cir. 1990); Arias v. United States Parole Comm'n, 648 F.2d 196 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973); DeVincent v. United States, 587 F. Supp. 494 (E.D. Va. 1984), aff'd, 746 F.2d 1471 (4th Cir.), cert. denied, 470 U.S. 1055 (1985).  See also Moscato v. Fed. Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996).

The Bureau of Prisons administrative remedy procedure is set out at 28 C.F.R. §§ 542.10 et seq., and provides formal review of any complaint which relates to any aspect of the inmate's confinement.  Under this process, inmates are encouraged to first attempt resolution of their complaints informally by discussing the matter with a member of their Unit Team.  A record of that attempt is signed by the inmate and a member of the Unit Team.   If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden within fifteen (15) calendar days of the date that the basis of the complaint occurred.  28 C.F.R. § 542.13.  If the inmate is not satisfied with the Warden's response, the inmate may file an appeal with the  Regional Director within twenty (20) calendar days of the date of the Warden's response.   28 C.F.R. §§ 542.14, 542.15.  If the inmate is dissatisfied with the regional response, the inmate may appeal that decision to the General Counsel fo the Federal Bureau of Prisons

6

within thirty (30) calendar days from the date of the Regional Director's response.  28 C.F.R. §§ 542.14, 542.15.  Appeal to the Office of General Counsel is the final administrative appeal in the Bureau of Prisons.

The requirement that inmates exhaust their administrative remedies prior to seeking judicial relief serves three purposes: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.  Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996).

A review of available records indicates that Plaintiff here did not exhaust his available administrative remedies with regard to the issues raised in the Petition.  See Zgrodnik Decl., Ex. J.  Petitioner exhausted only the first tier of the Bureau's three tier administrative remedy process.  See Zgrodnik Decl., Ex. I.  On or about September 3, 2004, Petitioner submitted a request for administrative remedy requesting a transfer to another institution as he dislikes being housed with sex offenders.  Id.  The Warden's response was dated September 24, 2004. Petitioner has twenty (20) days from this date to file an appeal with the Regional Director.  28 C.F.R. §542.15.  To date, computerized records indicate that Petitioner has not appealed the Warden's response to the Regional Director.  See Zgrodnik Decl., Ex. J.

Because Petitioner has only exhausted the first tier of the Bureau's three tier process, he has not exhausted his available administrative remedies.  Plaintiff's failure to exhaust his available administrative remedies on the issues raised in this civil action constitutes a procedural default.  Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  The Petition

therefore should be dismissed for failure to exhaust administrative remedies as to each issue
raised in the Petition.  In any event, however, Petitioner has no constitutional entitlement to
being placed in a particular institution or program.

**B.    Petitioner Is Not Entitled To The Relief Requested, Because He Has No
Protected Liberty Interest In Being Assigned To A Particular Institution**.

Petitioner alleges that he was retaliated against by staff for his discomfort with being
housed in a special unit for sex offenders.  Specifically, Petitioner requests that he be transferred
to another institution immediately.  See Petition at page 6.  This claim lacks merit, because
federal prisoners do not have a protected liberty interest in being assigned to a particular
institution.

It is well settled that in general, an inmate does not have a liberty interest to a particular
security classification.  See Sandin v. Conner, 515 U.S. 472, 486 (1995).  Olim v. Wakinekona,
461 U.S. 238, 245 (1983);  Meachum v. Fano, 427 U.S. 215, 224-25 (1976);  Montanye v.
Haymes, 427 U.S. 236, 243 (1976);  Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976);  Newell v.
Brown, 981 F.2d 880, 883 (6th Cir. 1992);  Beard v. Livesay, 798 F.2d 874, 876 (6th Cir. 1986).

Moreover, there is no right in the Constitution for an inmate to be assigned to a particular
institution or program.  Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S.
215 (1976); Young v. Quinlan, 960 F.2d 351, 358 n. 16 (3d Cir. 1992); Pugliese v. Nelson, 617
F.2d 916 (2d Cir. 1980); Lott v. Arroyo, 785 F. Supp. 508 (E.D. Pa. 1991) (Constitution does not
confer on state inmate right to participate in pre-release program).  In Moody v. Daggett, 429
U.S. 78 (1976), the Supreme Court addressed a challenge to the impact of a detainer on prison
programming.  The Court emphasized that it had "rejected the notion that every state action
carrying adverse consequences for prison inmates automatically activates a due process right."

8

429 U.S. at 88 n. 9.  Citing <u>Meachum v. Fano</u>, 417 U.S. 215 (1976), the Court explained that "no

due process protections were required upon the discretionary transfer of state prisoners to a

substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the

inmate."  <u>Id.</u>  The Court concluded that the same reasoning applied to "prisoner classification

and eligibility of rehabilitative programs in the federal system," since "Congress has given

federal prison officials full discretion to control these conditions of confinement, 18 U.S.C.

§4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke

due process."  <u>Id.</u>

Other courts have noted that the Attorney General has "complete and absolute discretion

with respect to the incarceration, classification and segregation of lawfully convicted prisoners."

<u>Pugliese v. Nelson</u>, 617 F.2d 916, 923-925 (2d Cir. 1980).[4]  As long as the conditions or degree

of confinement fall within the sentence imposed and do not otherwise violate the Constitution,

the Due Process Clause does not bring the prisoner's custody status within the purview of

judicial scrutiny. <u>See</u>  <u>Montanye v. Haymes</u>, 427 U.S. 236, 242 (1976).

Likewise, in <u>Pugliese v. Nelson</u>, 617 F.2d 916, 923-925 (2d Cir. 1980), the Second

Circuit examined the governing statutes applicable to institutional placement and community

programs, 18 U.S.C. §§ 4081 and 4082, and concluded that the statutes vested in the Attorney

General "complete and absolute discretion with respect to the incarceration, classification, and

segregation of lawfully convicted prisoners."  617 F.2d at 923.  The authority of the Attorney

---

[4]    The authority of the Attorney General under these statutes has been delegated to the
Federal Bureau of Prisons.  28 C.F.R. §0.96.

General under these statutes has been delegated to the Federal Bureau of Prisons.  28 C.F.R. § 0.96.

Under 18 U.S.C. § 3621 (1987), the discretion to designate the place of incarceration has been retained and specifically conferred in the Bureau of Prisons.  United States v. Laughlin, 933 F.2d 786 (9th Cir. 1991).  The First Circuit has also addressed this issue and found that "'[d]ecisions to place a convicted defendant within a particular treatment program or a particular facility are decisions within the sole discretion of the Bureau of Prisons.'"  United States v. Melendez, 279 F.3d 16, 18 (1st Cir. 2002), quoting Thy v. United States, 109 F.3d 127, 130 (2d Cir. 1997).  The Bureau may at any time direct the transfer of a prisoner from one penal or correctional facility to another.  18 U.S.C. § 3621(b).  In Petitioner's case, he was transferred from the Federal Correctional Institution Schuylkill (FCI Schuylkill), Pensylvania to FMC Devens because his security level was decreased from medium to low.  See Zgrodnik Decl., Ex. K, Request for Transfer, dated December 16, 2003; see also Id., Exs. A and D.

Because inmates have no protected liberty interest in being assigned to a particular institution, Petitioner is not entitled to the requested relief, and  the Petition should be denied.

**C.    Petitioner Was Properly Placed in Administrative Segregation in Accordance with BOP Policy.**

Petitioner contends that Respondents retaliated against him when he was placed in segregation after informing staff about his discomfort with being housed with sex offenders. Petitioner's claim lacks merit as he was placed in administrative segregation in accordance with Bureau of Prisons' policy.

Pursuant to 28 C.F.R. §§ 541.22 (a)(2) and (a)(3), a Lieutenant is authorized to place an inmate in administrative detention pending an investigation of criminal acts and facility

infractions.  Specifically, the BOP regulation provides with respect to the placement of an inmate

in administrative detention:[5]

> The Warden may place an inmate in administrative detention when the inmate's
> continued presence in the general population poses a serious threat to life, property, self,
> staff, other inmates or to the security or orderly running of the institution and when the
> inmate:
>
> (1)  Is pending a hearing for a violation of Bureau regulations;
>
> (2)  Is pending an investigation of a violation of Bureau Regulations;
>
> (3)  Is pending investigation or trial for a criminal act;
>
> (4)  Is pending transfer; or
>
> (5)  Requests admission to administrative detention for the inmate's own
> protection, or staff determines that admission to or continuation in
> administrative detention is necessary for the inmate's own protection . . .

See 28 C.F.R. § 541.22 (a) (relevant portions).  Placing an inmate in less amenable and more

restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily

contemplated by a prison sentence.  Hewitt v. Helms, 459 U.S. 460, 468; 103 S. Ct. 864, 869

(1983).  An inmate's transfer from general population to administrative detention does not

involve an interest independently protected by the due process clause, however an inmate may

acquire such an interest through administrative regulations which govern such confinement.  Id.

at 468-69.  A decision to place an inmate in administrative detention may be based upon prison

officials' subjective evaluations and predictions.  Id.

---

[5]    Administrative detention is "the status of confinment of an inmate in a special housing unit in
a cell either by self or with other inmates which serves to remove the inmate from the general
population."  28 C.F.R. § 541.22.

11

In this case, Petitioner was placed in administrative detention pending SIS investigation for making threats. <u>See</u> Zgrodnik Decl, Ex. G. His placement in administrative detention was done in response to Petitioner's own statements on August 6, 2004, that he felt that he was going to "snap" and "hurt someone," Z. Decl., Ex. F, and in compliance with 28 C.F.R. § 541.22. <u>Id.</u>, Exs. G, H. Based on the foregoing, Petitioner was properly placed in administrative detention on August 6, 2004, in accordance with BOP policy. Therefore, Petitioner's claim that he was retaliated against for being placed in administrative segregation should be dismissed.

Respectfully submitted,

By their attorney,

MICHAEL J. SULLIVAN
United States Attorney

Dated:  4 October 2004    By:    /s/Barbara Healy Smith
Barbara Healy Smith
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3263

---

**REQUEST FOR WAIVER OF LOCAL RULE 7.1(A)(2) CERTIFICATION**

The undersigned counsel hereby requests a waiver of the requirements of Local Rule 7.1(A)(2). As reasons therefore, she asserts that the plaintiff, who is acting pro se, is incarcerated at the Federal Medical Center in Devens, Massachusetts.

  /s/ Barbara Healy Smith
Barbara Healy Smith
Assistant U.S. Attorney