UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANTHONY HILLIARD, | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | Civ. Action No. 04-CV-40170-PBS |
| v. | ) | |
| | ) | |
| DAVID L. WINN, et. al., | ) | |
| Respondents. | ) | |
| | ) | |

### DECLARATION OF ANN H. ZGRODNIK

I, Ann H. Zgrodnik, hereby make the following declaration:

1. I am currently employed by the United States Department of Justice, Federal Bureau of Prisons as an Attorney Advisor at the Federal Medical Center (FMC) located in Devens, Massachusetts. I have been employed with the Federal Bureau of Prisons since February, 2002.

2. In order to perform my official duties as an Attorney Advisor, I have access to BOP records and databases regarding federal prisoners including, but not limited to, documentary records, inmate Judgment and Commitment files, and computerized records maintained on the Bureau of Prisons computerized data base, SENTRY.

3. All Administrative Remedy Requests filed by Bureau of Prisons inmates are logged into the Bureau's SENTRY database. I can retrieve information from this database which details the requests that each inmate has filed.

4. I have access to the various databases and files concerning administrative remedy claims filed pursuant to the Administrative Remedy Program, which are maintained by the Bureau of Prisons in the ordinary course of business. In particular, I have access to SENTRY, which maintains a record of all of the administrative remedies filed by an inmate, the dates thereof, and the dispositions. These records reflect every administrative remedy claim filed by an inmate in the Bureau of Prisons, while housed in any federal institution of the Bureau of Prisons.

5. The Bureau of Prisons has established an administrative remedy procedure whereby inmates can seek formal review of any complaint regarding any aspect of their imprisonment. Petitioner had available to him the four step procedures set forth in the BOP's Administrative Remedy Program. 28 C.F.R. § 542. The BOP regulations provide

"a process through which inmates may seek formal review of an issue which relates to any aspect of their confinement... if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. In accordance with the BOP's Administrative Remedy Program, an inmate shall first attempt informal resolution of his complaint by presenting the issue informally to staff, and staff must attempt to resolve the issue. 28 C.F.R. § 542.13(a). If the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the Warden, on a designated form, within twenty days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.14(a). If the inmate's formal request is denied, the inmate may submit an appeal to the appropriate Regional Director of the BOP, within twenty calendar days of the date of the Warden signed the response. 28 C.F.R. § 542.15(a). A negative decision from the Regional Director may in turn be appealed to the General Counsel's office (in the Central Office) within thirty calendar days of the date the Regional Director signed the response. Id. No administrative remedy appeal is considered to have been fully exhausted until considered by the Bureau of Prisons' Central Office. 28 C.F.R. §§ 542.14-542.15. This Program is available to inmates confined at the FMC Devens and would include any issues surrounding home confinement or compassionate release.

6. On September 28, 2004, I ran a SENTRY search to determine if inmate Anthony Hillard, Reg. No. 18518-051, had filed any administrative remedy claims under the Administrative Remedy Program in regard to the allegations in his Petition. My search revealed that on or about August 24, 2004, Petitioner submitted a Request for Administrative Remedy to the Warden at FMC Devens. A true and accurate copy of the Request for Administrative Remedy, Case Number 351981-F1, and Response, is attached as **Document i**. Petitioner's Request was denied by the Warden on September 24, 2004. See **Document i**. In that Response, the Warden explained to Petitioner that he was transferred to FMC Devens on January 20, 2004, because his security level was reduced from medium to low. Id. He was informed that Bureau of Prisons Program Statement 5100.07, Security Designation and Custody Classification Manual, indicates that inmates can be transferred to other institutions based on security criteria, inmate program needs and other correctional administrative factors. Program Statement 5100.07 further states that inmates should be placed in an appropriate facility normally within 500 miles of their release residence. It was explained to Petitioner that records indicate that FMC Devens is approximately 168 miles from his residence. Id. The Warden informed Petitioner that he has 20 days from the date of the response, September 24, 2004, to file an appeal with the Regional Director. Id. My search revealed that as of September 28, 2004, Petitioner has not appealed the Warden's decision to the Regional Director. A true and accurate copy of the Administrative Remedy Generalized Retrieval screen for inmate Anthony Hillard, Reg. No. 18518-051, is attached as **Document j**. Thus, Petitioner has not exhausted his administrative remedies since he has only exhausted the first tier of the Bureau's three tier process.

7. Attached hereto please find true and correct copies of the following documents:

   a. Public Information Data Sheet for Inmate Anthony Hillard, Register Number 18518-051;
   b. FMC Devens Admission & Orientation Inmate Handbook, attached to the Declaration of Ann H. Zgrodnik;
   c. Security Designation Data for Inmate Anthony Hillard, Reg. No. 18518-051;
   d. Male Custody Classification Form for Inmate Anthony Hillard, Reg. No. 18518-051;
   e. Brief Counseling Session with Inmate Anthony Hillard, Reg. No. 18518-051;
   f. Memorandum from SIS Lieutenant Alan Colon, dated August 6, 2004;
   g. Administrative Detention Order, dated August 6, 2004;
   h. Inmate History Quarters for Inmate Anthony Hillard, Reg. No. 18518-051;
   i. Request for Administrative Remedy, Case Number 351981-F1, and Response;
   j. Administrative Remedy Generalized Retrieval Index for Inmate Anthony Hillard, Register Number 18518-051;
   k. Request for Transfer, dated December 16, 2003.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 28th day of September, 2004

Ann H. Zgrodnik
Attorney Advisor
Federal Medical Center
Devens, Massachusetts