4 1/2

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) [illegible] | DATE: [illegible] |
|---|---|
| FROM: [illegible] | REGISTER NO.: [illegible] |
| WORK ASSIGNMENT: Unassigned | UNIT: [illegible] |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I am [illegible] of [illegible] and [illegible] a [illegible] concern of [illegible] discrim[illegible] [illegible] with [illegible] discrim[illegible] — stem from [illegible] sexual [illegible] a [illegible] when I had [illegible] old [illegible] my [illegible] transfer. [illegible]

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

*Sensitive Limited Official Use Only*

Exhibits A

and [illegible] time [illegible]

[illegible] I [illegible] ask [illegible]

I [illegible] of [illegible]

[illegible], [illegible] time I [illegible]

psych [illegible] my [illegible]

[illegible] experience. [illegible]

[illegible] personally [illegible] me [illegible] She [illegible]

going [illegible] I [illegible]

[illegible] Unit. [illegible]

[illegible]

EXHibits A Cont.

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98

U.S. DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Associal Warden Mrs Schult | DATE: 9/22/04 |
| --- | --- |
| FROM: Anthony Hilliard | REGISTER NO.: 18518-051 |
| WORK ASSIGNMENT: C.C.S. p.m. | UNIT: H-B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Aug. 6-04 I was placed in Shu by Lt. Colon, because I Strongly had a problem With Sex-Offenders. Why- I have Family members that have been through this kind of hurt by these kind of people. On Aug. 18-04 the Warden made his round in the Specail housing Unit With his Staff and others. I Stopped Mr. Winn for a B.P. 8½ and 9. he repl[illegible] by Calling my Unit Manager mrs. Johnson over to handle my complaint, her rep[illegible] was I'll take care of it today Aug 18 I didn't recieve anything until associate Warden - mrs Schult Came by my cell I expressed my problem to mrs Schult about the problem Im having and the proffessionalism of mrs. Johnson. I have been out of the S.H.U. for 25 d[illegible] and mrs. Johnson has been gone for 17 days, I have done everything I w[illegible]

See back Page →

(Do not write below this line)

DISPOSITION:

Mr Hilliard:

Your BP-9 was submitted on 9.3.04. You should have already received your response.

| Signature Staff Member | Date |
| --- | --- |
| D. S. Schult AW(P) | 9.29.04 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

Exhibit B

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS – Phone (913) 682-8700 ext. 465

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| TO: (Name and Title of Staff Member) Mr. Bonilla | DATE: 9/23/04 |
| FROM: anthony Hilliard | REGISTER NO.: 18518-051 |
| WORK ASSIGNMENT: C.C.P. | UNIT: H-B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I am requesting a B.P.8 to the F.M.C. Devens administrative remedy Coordinator I filed two BP 8½ and a BP-9 while I was in S.H.U. as of today Date I have no response on one of the B.P or any response on the BP9. In response to this B.P. 8 request Please: ① explain why I do not have a Receipt From the administrative remedy Coordinator for my B-P 9? ② Also explain why my Unit Team Cannot account for the missing B-P-8 I Filed?

Thanks you Sir!
Anthony Hilliard

(Do not write below this line)

DISPOSITION:

Signature Staff Member | Date

Exhibit-C

B.P. 8 1/2

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98

U.S. DEPARTMENT OF JUSTICE — FEDERAL BUREAU OF PRISONS

| | |
|---|---|
| TO: (Name and Title of Staff Member) C.M.C. Mrs. Adams | DATE: 9/23/04 |
| FROM: A. Hilliard | REGISTER NO.: 18518-051 |
| WORK ASSIGNMENT: C.C.P. | UNIT: H-B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

(CMC) Mrs Adams I spoke to you a Four time about my situation, you directed me to mr. Bonilla, I come back to you again about my situation you directed me to mr. Tielgen, both of these individuals have no ideal where my 8½ and 9, are! I gave botha 8½ and 9 to mrs Johnson on this data 8-26-04 When I Came out of the S.H.U. Until this day I have not have any kind of response from my BP form, that I personal gave to mrs. Johnson the unit manager. ① Please explain why I do not have a receipt from the administrative remedy coordinator for my B-P-9? ② Also explain why my unit team can not account for the missing BP-8 I Filed?

Thanks you! A. Hilliard.

(Do not write below this line)

DISPOSITION:

Mr. Hillard,
your BP-9 was submitted on 9-3-04. You should receive a response in the Near future.

What happen to my 8½ that I give to mrs. Johnson on 8-26-04?

Receive this from mrs. Johnson on 9-27-04

| Signature Staff Member | Date |
|---|---|
| D. Adams | 9-24-04 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP) This form replaces BP-148.070 dated ...

Exhibit D

BP-S148.055 INMATE REQUEST TO STAFF CDRFM
SEP 98
U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) (C.M.C) MRS. ADAMS | DATE: September 29, 2004 |
|---|---|
| FROM: A. HILLIARD | REGISTER NO.: 18518-051 |
| WORK ASSIGNMENT: C.C.P. | UNIT: H-B |

SUBJECT: (Briefly state your question or concerned the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to respond to your request.) When I was in the S.H.U. I asked Ms. Johnson for both a BP-8½ and a BP-9. She did not comply with my request at that time. On August 18th warden Winn came through the S.H.U. so I asked him for both of the BP-forms. He directed my request to unit manager Johnson and she promised me I would receive both forms later that day in the presence of the warden. However, I still did not receive my requested forms.

Two days later, when Ms. Johnson came through the S.H.U. again, she told me I was going to be released from the S.H.U.. I informed Ms. Johnson that I had no desire to be released from the S.U.H. because it is emotionally painful for me to be around child molesters. I have four young girls in my family that were victimized by child molesters. She and Lt.Colon told me I would start to loose good time if I did not come out of the S.H.U..

Again, I asked her for a BP-8½ and a BP-9 form on August 20th and again, she did not comply.

On August 24th associate warden Schult came by my cell and I stopped her to let her know about my situation with unit manager Ms. Johnson. Thanks to Ms. Shult, I received both the BP-8½ and the BP-9 that day.

On August 26th, I handed Ms. Johnson both completed forms and an additional BP-8½. The second BP-8½ has yet to be answered.

(Do not write below this line.) SEE REVERSE

DISPOSITION:

| Signature Staff Member: | Date: |
|---|---|

Record Copy – File; Copy – Inmate
(This form may be replicated via WP)

Exhibit E

This form replaces BP-148.070 dated Oct 8
and BP-S148.070 APR 94

ANTHONY HILLARD, 18518-051
DEVENS FMC UNT: H UNIT QTR: H03-306U
P.O. BOX 880
AYER, MA 01432

10/5/04
TO REG ...

7004 1160 0007 0140 1116

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

ANTHONY HILLARD 18518-051
H-B

| | |
|---|---|
| Postage | $ .50 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 2.80 |

Postmark Here

306U

Sent To BOP NORTHEAST REGION ADMINISTRATIVE REMEDY COORDINATOR
Street, Apt. No.; or PO Box No. 2nd + CHESTNUT STREETS
City, State, ZIP+4 PHILADELPHIA, PA. 19106

PS Form 3800, June 2002 See Reverse for Instructions

Exhibit - F

PG 1

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

REQUEST FOR ADMINISTRATIVE REMEDY

Hillard.

From: [illegible] | [illegible] | [illegible] | [illegible]
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

Part A- INMATE REQUEST This [illegible] formality due To The FACT I received anunsatified response on my BP-8½ for MRS Johnson early this month. I believe that I am being Treated with extreme preguclice, bias, retaliation tactics due to numerous Complaint about my [illegible] my family endure from a sex offender which had a great [illegible] on my newphew and neice [illegible] was two [illegible] three year [illegible] years old. This [illegible] un fair [illegible] by SIS [illegible] JOHNSON AND THE [illegible] OK FOR SEX offenders due To The FACT I want To [illegible] or Transfer To another Institution

Aug 24, 2004

DATE

[signature]

SIGNATURE OF REQUESTER

Part B- RESPONSE

[stamp, illegible]

DATE

WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 351981-F1

EXHIBIT-F

PG 2

LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #351981-F1**

This is in response to your Request for Administrative Remedy in which you request to be transferred to another institution due to your family's past experience with a sex offender.

Investigation of your request revealed the following: You were transferred from FCI Schuylkill to FMC Devens on January 20, 2004, because your security level was reduced from medium to low. Bureau of Prisons Program Statement 5100.07, Security Designation and Custody Classification Manual, indicates that inmates can be transferred to other institutions based on security criteria, inmate program needs, and other correctional administrative factors. Program Statement 5100.07, further indicates that inmates should be placed in an appropriate facility "normally within 500 miles of the inmate's release residence." Records indicate that FMC Devens is approximately 168 miles from your residence.

Although there are sexual offenders housed at this institution, there are numerous other offenders housed here with various criminal histories. Please be aware that Psychology Services is available to provide both individual and group counseling to you or any inmate who may be having difficulty coping with past family issues relating to a sex offender crime.

Based upon the above facts, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania 19106. Your appeal must be received in the Northeast Regional Office within 20 days of the date of this response.

[signature]
David L. Winn, Warden

9/24/4
Date

EXHIBIT – F

PG 3

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: Hilliard Anthony (LAST NAME, FIRST, MIDDLE INITIAL) — 18518-051 (REG. NO.) — H-B (UNIT) — Devens (INSTITUTION)

**Part A—REASON FOR APPEAL** I am seeking a B-10 Appeal on Warden D[illegible]al of my transfer to another institution. I a[m] having difficulty dealing with the [illegible] Offenders house[d] here at FMC Devens. There is Disporportionate number of Sex Offenders at FMC - Deven because they been sent here to participate in the Somp program. Most of these ex Offenders have Chosen NOT to participate in the Somp program. These ex Offenders are not getting the Supervision they need. Institution staFF are not Controlling Gross indecent activities! This type of Behavior is repugnant to me Due to my past experience with Damage done to Family members by these type of People. I am requesting transfer to an institution that does not have a Somp program and a disporportionately Large sex Offender Population

10-5-04 DATE — Thank you! — Anthony Hilliard SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE — REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE — CASE NUMBER: ____

---

**Part C—RECEIPT** — CASE NUMBER: ____

EXHIBIT-F PG 4

Return to: ____ LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT: ____

USP LVN DATE — Previous editions not usable — SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13) APRIL 1982

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS – Phone (913) 682-8700 ext. 465

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) MR. Bonilla | DATE: 9/23/04 |
|---|---|
| FROM: Hilliard | REGISTER NO.: 18518-056 |
| WORK ASSIGNMENT: C.C.P | UNIT: H-B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I am requesting a B.P8 to the FMC Devens administrative remedy Coordinator. I filed two BP 8½ and one BP-9 While I was in S.H.U. As of today Date I have no response on one of the B.P.'s or any response on the BP9 In response to this BP-8 request Please; ① Explain why I Do not have a receipt from the administrative remedy Coordinator for my BP-9? ② Also explain why my unit Team Cannot account for the missing BP-8 I Filed?

Thanks you Sir!
Anthony Hilliard

(Do not write below this line)

DISPOSITION: Inquiry number #2. I searched the Unit Team Box and could not find the BP8½ you had turned in. All you have to do is re-file the BP8½. Thank you Counselor.

[signature] 9/23/04

Exhibit G Pg. 1

Signature Staff Member | Date

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Hilliard Anthony | 18518-051 | H-B | Devens
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A- INMATE REQUEST** I am requesting a BP-9 to the FMC Devens Administrative remedy coordinator. I have attempted to use the administrative remedy program in good faith. I Filed BP 8½ and a BP-9 on a Timely Basis. my paperwork has been "Lost". On 9/23/04 my Counselor, mr. Bonilla advised me to refile. (Copout response attached). However my 20 day Filing time period is now passed. In Response to this BP9 Please:

1. Explain why I Never was sent a Receipt for my BP-9.?
2. explain Why my unit Team cannot account for the missing BP-8 I Filed?
3. Explain why my unit team told me in the 9/23/04 Copout response to refile when my 20 day Filing time was passed?

9/26/04
DATE

Anthony Hilliard
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER: ______

CASE NUMBER: ______

**Part C- RECEIPT**

Return to: ______
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: ______

DATE

Exhibit page two

RECIPIENT'S SIGNATURE (STAFF MEMBER)

Need FOI form

B 8 1/2

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS - Phone (913) 682-8700 ext. 465

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Mrs. Bonilla | DATE: 10/11/04 |
|---|---|
| FROM: A. Hilliard | REGISTER NO.: 18518-051 |
| WORK ASSIGNMENT: C.C.S. | UNIT: H-B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I am requesting A BP-8½ for Failing to provide me a copy of the psychology service program Statement needed for me to make a respon in a Pending Court Case.
In Response to this BP-8 request Please State the reason for the refusal to Provide me with the program Statement P.S. 5310.12

Thanks you!
Anthony Hilliard

(Do not write below this line)

DISPOSITION: You asked me for a FOIA form. Admission & Orientation Handbook. pg. 24. States. You must write to the Director of Bureau of Prison by submitting a FOIA/PA Request.

Exhibit - H PG 1

Signature Staff Member | Date

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

# REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Hilliard Anthony (LAST NAME, FIRST, MIDDLE INITIAL) | 18618-051 (REG. NO.) | H-B (UNIT) | Devens (INSTITUTION)

Part A- INMATE REQUEST I am requesting a B-P-9 Because my request for FMC Devens staFF, to provide me a copy of program statement 5310.12 was Denied. Both The Education Dept. and my Counselor advised me the only way I could obtai this program statement was to make a FOIA request to the BOP in Washington D.C.. This advice appears to be Contrary to what is State in 28 CFR Section 513.43 which says inmates are to use Simple loca access proceedures rather than FOIA proceedures to gain access to BOP program statements. In Response to this B-P-9:

① provide me with a Copy of PS 5310.12 on a Timely basis to make a response in my [redacted] Current 2241 Case in Court.

② Expain why the Education Dept and my Counselor Failed to Follow The provisions of 28 CFR Section 513.43 on this matter.

10/13/04
DATE

Anthony Hilliard
SIGNATURE OF REQUESTER

Part B- RESPONSE

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER: __________

CASE NUMBER: __________

Part C- RECEIPT EXHIBIT-H pt-2

Return to: LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: __________

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

[illegible] ... has been [illegible] ... any agency [illegible] for inmate [illegible] prior to the Parole Commission [illegible] staff are [illegible] the Parole Commission Hearing [illegible].

§ 513.42 Inmate access to medical records.

(a) Except for the limitations of paragraphs (c) and (d) of this section, an inmate may review records from his or her medical file (including dental records) by submitting a request to a staff member designated by the Warden.

(b) Laboratory reports which contain only scientific testing results and which contain no staff evaluation or opinion (such as Standard Form 514A, urinalysis) are ordinarily disclosable. The results of HIV testing may be reviewed by the inmate. However, an inmate may not retain a copy of his or her test results while the inmate is confined in a Bureau facility or a Community Corrections Center. A copy of an inmate's HIV test results may be forwarded to a third party outside the institution and chosen by the inmate, provided that the inmate gives written authorization for the disclosure.

(c) Medical records containing subjective evaluations and opinions of medical staff relating to the inmate's care and treatment will be provided to the inmate only after the staff review required by paragraph (d) of this section. These records include, but are not limited to outpatient notes, consultation reports, narrative summaries or reports by a specialist, operative reports by the physician, summaries by specialists as the result of laboratory analysis, or in-patient progress reports.

(d) Prior to release to the inmate, records described in paragraph (c) of this section shall be reviewed by staff to determine if the release of this information would present a harm to either the inmate or other individuals. Any records determined not to present a harm will be released to the inmate at the conclusion of the review by staff. If any records are determined by staff not to be releasable based upon this potential harm, the inmate will be so advised in writing and provided the address of the agency component to which the inmate may address a formal request for the withheld records. An accounting of any medical records will be maintained in the inmate's medical file.

§ 513.43 Inmate access to certain Bureau Program Statements.

Inmates are encouraged to use the simple local access procedures described in this section to review certain Bureau Program Statements, rather than the FOIA procedures described in §§ 513.60 through 513.68 of this subpart.

(a) For a current Bureau Program Statement containing rules (regulations published in the FEDERAL REGISTER and codified in 28 CFR), local access is available through the institution law library.

(b) For a current Bureau Program Statement not containing rules (regulations published in the FEDERAL REGISTER and codified in 28 CFR), inmates may request that it be placed in the institution law library. Placement of a requested Program Statement in the law library is within the discretion of the Warden, based upon local institution conditions.

(c) Inmates are responsible for the costs of making personal copies of any Program Statements maintained in the institution law library. For copies of Program Statements obtained under the FOIA procedures described in §§ 513.60 through 513.68 of this subpart, fees will be calculated in accordance with 28 CFR 16.10.

§ 513.44 Fees for copies of Inmate Central File and Medical Records.

Within a reasonable time after a request, Bureau staff are to provide an inmate personal copies of requested disclosable documents maintained in the Inmate Central File and Medical Record. Fees for the copies are to be calculated in accordance with 28 CFR 16.10.

EXHIBIT-H PG 3

B.P.8

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98

U.S. DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Bonilla | DATE: 10-11-12 |
|---|---|
| FROM: A. Hilliard | REGISTER NO.: 18518-051 |
| WORK ASSIGNMENT: C.C.S | UNIT: H-B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I gave this to MR. Bonilla 8½ concren this matter at Devens. I am requesting a BP-8½ to Dr. Becotte, head of Psychology Service and Attorney Supervisor Anne Zgrodni. Ask why my Pshchology Service record were released to Court without my Consent.

MR. Bonilla told me on 10-14-04 this is not His Dept. He tell me to write to each Dept. Concren my Issue that I may have. He Could not help Me in this matter. This was State to me on 10-14-04 by mr Bonilla

(Do not write below this line)

DISPOSITION: In order for you to file BP8½ - submit inmate request to staff to the concerned parties. So you would receive a disposition on your complaint. Then I will file a informal resolution BP8½ for administrative remedy.

Exhibit - I PG 1

| Signature Staff Member | Date |
|---|---|
| [signature] | 10/14/04 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP) This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

U.S. DEPARTMENT OF JUSTICE — REQUEST FOR ADMINISTRATIVE REMEDY

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Hilliard Anthony (LAST NAME, FIRST, MIDDLE INITIAL) 18518-051 (REG. NO.) H-B (UNIT) Devens (INSTITUTION)

Part A- INMATE REQUEST I am requesting a B-9 to Becotte and to Attorney Supervisor Anne Zgrodnik. My BP-8½ request was not answered. Instead the claim was made that I had to submit a cop[y of it] before the BP-8½ could be filed. A copout is not part of the formal Administrati[ve re]medy process. On 9/28/004 Dr. Becotte and Anne Zgrodnik released my psychology [r]ecord in a court proceeding without proper cause, and without my express [f]ormal release Authorization. IN response to Administrative remedy:

1) Cite the specific statute and program statement that Allow the release of RA[W] Psychological Session Data without express formal permission.

2) State the rational for release of my Psychological record to the Court.

3) IF such release is Authorized by Policy and Statute, Then explain how An Inmate at FMC Devens can have a reasonable expectation of privacy while particapating in Psychology counseling OR management Programs?

Thanks you.

10-15-04 (DATE) — Anthony Hilliard (SIGNATURE OF REQUESTER)

Part B- RESPONSE

DATE — WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE — CASE NUMBER: ____________

CASE NUMBER: ____________

Part C- RECEIPT EXHIBIT - I PG 2

Return to: LAST NAME, FIRST, MIDDLE INITIAL — REG. NO — UNIT — INSTITUTION

SUBJECT ____________

DATE — RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN — Printed on Recycled Paper — BP-229(13) APRIL 1982

Attached hereto please find true and correct copies of the following documents:

a. Public Information Data Sheet for Inmate Anthony Hillard, Register Number 18518-051;
b. FMC Devens Admission & Orientation Inmate Handbook, attached to the Declaration of Ann H. Zgrodnik;
c. Security Designation Data for Inmate Anthony Hillard, Reg. No. 18518-051;
d. Male Custody Classification Form for Inmate Anthony Hillard, Reg. No. 18518-051;
e. Brief Counseling Session with Inmate Anthony Hillard, Reg. No. 18518-051;
f. Memorandum from SIS Lieutenant Alan Colon, dated August 6, 2004;
g. Administrative Detention Order, dated August 6, 2004;
h. Inmate History Quarters for Inmate Anthony Hillard, Reg. No. 18518-051;
i. Request for Administrative Remedy, Case Number 351981-F1, and Response;
j. Administrative Remedy Generalized Retrieval Index for Inmate Anthony Hillard, Register Number 18518-051;
k. Request for Transfer, dated December 16, 2003.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 28th day of September, 2004

Ann H. Zgrodnik
Attorney Advisor
Federal Medical Center
Devens, Massachusetts

EXHIBIT - I PG 3

BP-S308.052 ADMINISTRA ETENTION ORDER CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS

FMC DEVENS, MA 01432
Institution

Date/Time: August 6, 2004 9:30AM

TO : Special Housing Unit Officer

FROM : A. COLON/LIEUTENANT , (Name/Title)

SUBJECT : Placement of HILLIARD, ANTHONY (H-A) , Reg No. 18518-051 , in Administrative Detention

________ (a) Is pending a hearing for a violation of Bureau regulations;

________ (b) Is pending investigation of a violation of Bureau regulations;

________ (c) Is pending investigation or trial for a criminal act;

________ (d) Is to be admitted to Administrative Detention

________ (1) Since the inmate has requested admission for protection;

I hereby request placement in Administrative Detention for my own protection.

Inmate Signature/Register No.: ________________

Staff Witness Printed Name Signature: ________________

________ (2) Since a serious threat exists to individual's safety as perceived by staff, although person has not requested admission; referral of the necessary information will be forwarded to the UDC/DHO for appropriate hearing.

________ (e) Is pending transfer or is in holdover status during transfer.

xxxxx (f) Is pending classification.(FOR PSYCH REVIEW)

________ (g) Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative Detention by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's continued presence in the general population poses a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution because*

YOU ARE BEING PLACED IN ADMINISTRATIVE DETENTION FOR PENDING SIS INVESTIGATION/THREATS

Therefore, the above named inmate is to be placed in Administrative Detention until further notice. The inmate received a copy of this Order on (date / time) 8-06-04/9:30AM

Staff Witness Signature/Printed Name M. DUPLESSIS/LIEUTENANT

*In the case of DHO action, reference to that order is sufficient. In other cases, the officer will make an independent review and decision, which is documented here.
Record Copy - Inmate Concerned (not necessary if placement is a result of holdover status); Copy - Captain; Copy - Unit Manager; Copy - C Administrative Detention Unit; Copy - Central File

(This form may be replicated via WP) Replaces BP-S308(52) of JAN 88

Exhibit-J



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Medical Center Devens*

*PO Box 880*
*Ayer, MA 01432*

# Sex Offender Management Program
# Inmate Handbook

(March 1, 2004)

## Introduction

You have been assigned to the Sex Offender Management Program (SOMP) at the Federal Medical Center, Devens, Massachusetts. This Handbook is designed to describe the goals and philosophy of the program, the various components of the program, the expectations for behavior of program participants, and the potential incentives for participating and/or consequences of not participating in the program.

## Description and Philosophy of the Program

The Sex Offender Management Program (SOMP) was established in 2004 at the Federal Medical Center (FMC) in Devens, Massachusetts. The SOMP is a mandatory program assignment for inmates at FMC Devens who have been identified as sex offenders with a Public Safety Factor (PSF), and whose security classification is LOW or MEDIUM. Inmates need not volunteer for the SOMP, but are automatically assigned to the program upon arrival to FMC Devens, if they meet eligibility criteria (outlined below). Inmates admitted to the SOMP remain in the program throughout their incarceration at FMC Devens.

The primary goal of the SOMP is to help sexual offenders manage their behavior in order to reduce sexual re-offending. The program adheres to the philosophy that criminal sexual behavior can be effectively managed in most cases through intensive supervision and competent treatment. Similarly, the SOMP adheres to the idea that, while sexual deviance disorders are influenced by biological, social, and psychological factors, individuals have the choice of whether or not to engage in criminal sexual behavior. The program encourages its participants to change their criminal lifestyle and become honest, responsible, and law-abiding citizens with effective self-control skills.

The SOMP recognizes that sex offenders enter the criminal justice system with varying levels of denial and motivation. The SOMP seeks to evaluate the treatment and supervision needs of all eligible inmates, and offer and/or recommend specialized sex offender management and treatment services in accordance with those needs.

Exhibit – K

**The Staff**
The SOMP staff is comprised of the following individuals:

D. Becotte, Ph.D., Chief, Psychology Services
C. Renaud, Ph.D., Program Coordinator
S. Bisci, LISW, SOMP Social Worker
C. Majo, Psychology Technician
Pre-doctoral Psychology Interns

**Admission Criteria**
All inmates at FMC Devens who meet the following criteria are assigned to the SOMP:

1. The inmate must have been assigned the Public Safety Factor of Sex Offender pursuant to Bureau of Prisons Program Statement 5100.07; and,
2. The inmate must have been classified as Low or Medium security pursuant to Bureau of Prisons Program Statement 5100.07.

**The Management Program**
The SOMP is an institution-based program. Program participants are not segregated from the general population. SOMP participants routinely have direct contact with general population inmates, as they use the same housing, dining, educational, medical, recreational, and religious facilities. Inmates participating in the SOMP are expected to work as do all general population inmates in the Bureau of Prisons, and are encouraged to participate in activities and programs that promote personal growth and development outside of the SOMP (e.g., education, vocational training).

The SOMP is comprised of four essential components: assessment, management, treatment, and release planning:

**Psychosexual Assessment:** A psychological evaluation and risk assessment is completed for all inmates in the SOMP during the course of their management in the program. The assessment component may consist of a series of interviews, questionnaires, psychological tests, and physiological assessment. Participants may be assessed in three areas: intelligence and cognitive functioning, personality and psychopathology, and psychosexual functioning. Measures of sexual arousal (i.e., plethysmograph) and lie detection (i.e., polygraph) may also be recommended. The results of this ongoing, comprehensive evaluation process will be used to develop a Correctional Management Plan (CMP, described below), and to make appropriate recommendations for institutional and community supervision and treatment.

**Management:** A Correctional Management Plan (CMP) is completed for each inmate in the SOMP. The CMP formally informs the inmate of the SOMP components and requirements, makes treatment and other program recommendations, and informs the

inmate that his adherence to the CMP will be closely monitored. The CMP is individually tailored based on the degree of risk the inmate poses as well as his particular risk factors. The contents of an inmate's CMP may change over time, in conjunction with changes in risk level. SOMP participants have access to their CMP, and are held accountable for adhering to its contents.

**Treatment:** Treatment recommendations are provided within each inmate's SOMP CMP. If an inmate meets eligibility criteria and volunteers for one of the BOP's intensive sex offender programs (e.g., the Sex Offender Treatment Program [SOTP] at FCI Butner, North Carolina), the inmate is referred to that program. Inmates incarcerated at FMC Devens may be encouraged to participate in the following sex offender-specific psychology programs:

1.  **The Sex Offender Education Program.** The Sex Offender Education Program is a manual-assisted basic education program designed to promote acceptance of responsibility, awareness of the harm of sexual victimization and victim impact, and education about relapse prevention concepts. The Sex Offender Education Program is provided by Psychology Services staff. Psychology Services staff monitor each inmate's participation in the Sex Offender Education Program.

2.  **Non-residential Sex Offender Treatment.** While the SOMP is primarily a correctional management program, non-residential sex offender treatment may be available for psychologically suitable inmates who are not eligible for the SOTP at FCI Butner. Non-residential treatment is significantly less intensive than the model of treatment offered at FCI Butner. Non-residential treatment may consist of group therapy and/or individual therapy.

3.  **Psychiatric treatment.** Psychiatric treatment with medications may be considered on an individual basis to address symptom-related concerns.

**Community Release Planning:** This essential component of the program is intended to help program participants maintain therapeutic gains and successfully achieve re-integration into the community upon release from prison. The SOMP staff and Unit Team collaborate to develop a sound release plan for the program participant that includes appropriate post-release housing, possible placement in Community Corrections Centers (CCC), as well as recommendations for employment, community-based treatment, and community supervision.

Prior to the program participant's release from prison, SOMP clinical staff prepare a comprehensive discharge packet. This packet is sent to the United States Probation Officer (USPO) upon the inmate's discharge from the program. The discharge report contains recommendations regarding the intensity of community supervision and monitoring, and generally addresses the areas specific to the offender's sexual deviance and risk (e.g., contact with minors, polygraph testing, treatment recommendations, employment restrictions, Internet restrictions, etc.). The discharge packet is mailed to the USPO approximately 90 days prior to the inmate's release to the community.

Prediction of risk of re-offending is developed through observation, interview, file review, and clinical judgment. In compliance with Bureau of Prisons' policies, the sex offenders in the SOMP are referred to community-based sex offender programs upon their release, and they are subject to notification to state or local law enforcement and Sex Offender Registration officials in the district of release.

**Incentives for Participating in the SOMP**

Although the SOMP is a mandatory program assignment, some program components (i.e., completing psychological tests, participating in psycho-education classes, participating in non-residential therapy) are voluntary. SOMP inmates are encouraged to participate in recommended voluntary program components, and are offered the following incentives:

1. Participation provides an opportunity for self-improvement.
2. A Certificate of Completion is given to inmates who satisfactorily complete the psycho-education component. This certificate is forwarded to the Unit Team for placement in the Inmate's Central File.
3. Active participation in the SOMP is considered by the Unit Team in recommending the inmate for Community Corrections Center placement. Conversely, poor cooperation or failure to participate may curtail Community Corrections Center placement.
4. Inmates who actively follow SOMP recommendations may be viewed as motivated for change, a factor associated with decreased risk for re-offense. Conversely, failure to follow SOMP recommendations is viewed as indicative of a lack of motivation for behavior change, a factor associated with increased risk of re-offense. Thus, the extent to which an inmate follows SOMP recommendations may modify his risk assessment.

**Sanctions for Non-compliance with SOMP Requirements and Expectations**

1. Failure to follow SOMP recommendations may also result in the following sanctions:
   a. Inmate Performance pay not to exceed the Maintenance pay level.
   b. Assignment to the least preferred housing available.
2. Specific violations of the mandatory program requirements are subject to the Inmate Disciplinary Process.

**Standards of Conduct**

Inmates in the SOMP are required to comply with all the rules and regulations governing inmate conduct as defined by the Federal Bureau of Prisons. Failure to follow BOP rules and regulations is subject to disciplinary action. SOMP participants are also strongly encouraged to refrain from behaviors that can contribute to future sex offending behavior (e.g., using materials that promote sexual exploitation of others). Any institutional conduct, including disciplinary infractions and behaviors with the potential to contribute to future sexual offending, may be used in the clinical assessment of a SOMP inmate's risk of re-offense.

**Dress Code**

All SOMP participants must adhere to FMC Devens's Dress Code at all times. Unless

otherwise ordered (i.e., for a visual search), SOMP participants must be fully clothed in the presence of staff.

**Inappropriate Materials**

To promote accountability and personal responsibility, SOMP staff routinely search the cells of program participants for the presence of contraband, and other items that may be used to further a program participant's sexual deviance (see below). The following items may be considered sexual risk factors (i.e., have the potential to contribute to future sexual offending):

1. Any type of pornographic or sexually explicit material such as photographs, drawings, and written materials;
2. Any photograph or "cut-out" from any publication of a nude or partially nude adult or child;
3. Pictures/drawings of nude adults and/or children;
4. Any sexual apparatus or paraphernalia;
5. Any publication or photograph depicting physical abuse or sexual violence;
6. Any obvious collection of photographs, pictures, or drawings depicting any individuals in sexually explicit or suggestive poses or situations;
7. Any material that depicts, describes, or encourages activities which may lead to violence, sexual crimes, or exploitation; and,
8. Any other material that, in the clinical opinion of SOMP staff, is considered to have the potential to contribute to future sexual offending behavior.

Possession of items that are unauthorized per BOP policy result in disciplinary action. Some items may not be unauthorized per BOP policy, but due to their potential contribution to future sex offending, may be inadvisable for a SOMP participant to use, possess, or manufacture. SOMP clinical staff may provide therapeutic guidance on the risks of using such materials (e.g., their use may contribute to increased risk of sexual re-offense). Moreover, an inmate's possession of the items described above, may effect the outcome of his risk assessment.

**Confidentiality**

Program participants are informed of the limits of confidentiality. Specifically, program participants are informed that their confidentiality is protected at all times, except in cases where there is potential harm to self or others, when the security of the correctional institution is threatened, or when there is suspected child abuse. As BOP staff are charged with protecting every inmate's confidentiality as defined by policy, SOMP inmates who volunteer to participate in group activities are expected to protect the confidentiality and privacy of other inmates in the program.

**Removal from the SOMP**

Normally, an inmate assigned to the SOMP will remain in the SOMP until his release from prison. Program participants do not "graduate" from the program because sex offender

management is viewed as an ongoing process that continues well beyond an individual's release from prison. Progress in the program is task-based, not time-based. Progress is measured in terms of completion of management and treatment goals. Length of time in the program, by itself, does not constitute therapeutic progress or accomplishment.

An inmate whose status changes while in the SOMP, such that he no longer meets eligibility criteria, will be discharged from the program. The reason for removal will be documented in the Central File, and the inmate's Unit Team may request a transfer to another institution.

**All inquiries about the SOMP should be directed to the SOMP Coordinator:**
     Cheryl A. Renaud, Ph.D.
     Psychology Department
     FMC Devens

## INMATE'S ACKNOWLEDGMENT OF REVIEW OF SOMP HANDBOOK

I acknowledge that I have read the SOMP Handbook, and was given an opportunity to ask questions about my participation in this program. I acknowledge that I may request a copy of this Handbook, or to have additional opportunities to read the Handbook, by submitting to the SOMP Coordinator, an Inmate Request to a Staff Member ("copout").

| ______________________ | ______________________ | ______________________ |
|---|---|---|
| Inmate's name | Registration Number | Date |
| ______________________ | ______________________ | ______________________ |
| Staff Member | Title | Date |

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| TO: (Name and Title of Staff Member) MRS JONSON UNIT MANAGER | DATE: 7/28/04 |
| FROM: Anthony Hillard | REGISTER NO.: 18518-051 |
| WORK ASSIGNMENT: COMPOND P.M. | UNIT: HA |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I'm writing in concern of my current placment in FMC Devens. I was told that you are the right person to contact concerning, having me trasfered to another Institution. I understand that theres a 18 month waiting period. I was told by my former unit team (GA) that I would be put on a list to be transfered, if there was bed space in another Institution if bed space was available. If this means that you have to increase my custody level. You have my permission to do so. I just want a transfer out of this Institution. Your attention in this matter would be greatly appreciated.

Thank you

(Do not write below this line)

DISPOSITION:

You were teamed 7/26/04 (2 days prior to your cop-out) — At that time you had the opportunity to discuss this issue — You just moved to this Unit 7/28/04 in a mass move — If you want this issue re-reviewed by my staff it will be a few weeks — At this point, the decision of your prior Unit team will remain in effect.

Signature Staff Member [signature] Date 7/30/04

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

Printed on Recycled Paper

Exhibit - L

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

Rec'd 8/2/04

| TO: (Name and Title of Staff Member) Mrs. Johnson Manager | DATE: 8-2-04 |
|---|---|
| FROM: Anthony Hilliard | REGISTER NO.: 18518-051 |
| WORK ASSIGNMENT: C.C.S. P.M. | UNIT: H-Unit Cube 112 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Dear Johnson, I hear that "H" Unit will be used as a sex offender unit, I must be very very very truefully with you bout this matter. I have "4" Little girls age 5-4-2-10 months, in our Family was very much molested by their father! I Felt the pain that kids who experince situation like that. The Father not only sex abuse them, he also brun them with Cigarette. Mrs. Johnson ~~I'm very uncomfortable~~ about being around sex offender, I hope you dont put me in a situation that might be disruptive to my focus and overall realilitation. IF sex offend is coming From "N" Unit to "H" unit, may I please be moving back to G unit or to J unit. Thanks you for your understand, my situation... Anthony Hilliard

(Do not write below this line)

DISPOSITION: While I sympathize with the plight of your children — the reality is that this is prison — And in prison you will find individuals convicted of many crimes on varied levels of severity — While I will not discuss with you or any other inmate why someone is designated to Devens I will offer you a strong suggestion with regard to your concerns and comfort — Serve your sentence And go home — Attempt to maintain clear conduct, positive program participation and respect for the privacy of others — Your request to change Units is Denied

| Signature Staff Member | Date |
|---|---|
| [signature] Unit Mgr | 8/2/04 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

Printed on Recycled Paper

Exhibit – M

Copy Out

BP. 8 1/2

P-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

U.S. DEPARTMENT OF JUSTICE — FEDERAL BUREAU OF PRISONS

| | |
|---|---|
| TO: (Name and Title of Staff Member) Dr. Brooks (Psychology) | DATE: 9/28-/04 |
| FROM: A. Hilliard | REGISTER NO. 18518-051 |
| WORK ASSIGNMENT: C.C.S. | UNIT: H-B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I have previously requested a copy of the PDS Contact notes on my Sesson with you. As of this date I have not received it. I Need this material to Timely File my BP-10.

Thanks you!!!
A Hilliard

(Do not write below this line)

DISPOSITION: Inmate Hilliard/18518-051
PDS notes dated 8-11-04 and 9-14-04 by Mark Brooks, PhD were hand delivered to you by the undersigned on this date, 10-1-04
Mark Brooks, PhD

| Signature Staff Member | Date |
|---|---|
| [signature] | 10-1-04 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

Exhibit — N



DEV 1330.13A
March 20, 2000
Attachment A

INFORMAL RESOLUTION INSTRUCTIONS: STAFF MUST COMPLETE AND ATTACH THE ORIGINAL OF THIS FORM TO EACH BP-9 WHEN THE COMPLAINT CANNOT BE INFORMALLY RESOLVED. THE BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM, EXCEPT THOSE APPEALING UDC ACTIONS.

NAME:____________________ REG. NO.:________________ UNIT:____

DATE BP-9 REQUESTED:____________________________

DATE BP-9 ISSUED :____________________________

DATE BP-9 RETURNED :____________________________

INMATE'S COMPLAINT:

RELIEF REQUESTED:

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT:

CORRECTIONAL COUNSELOR:________________________ DATE:____________

UNIT MANAGER'S COMMENTS/ASSISTANCE:

UNIT MANAGER:________________________________ DATE:____________

EXHIBIT O

# PROOF OF SERVICE

I, Anthony Hilliard, certify that on October 20, 2004 I mailed a copy of this document and all attachments via First Class mail to the following parties **at the addresses listed below:**

MICHAEL J SULLIVAN
U.S. ATTORNEY
US COURTHOUSE
1 COURTHOUSE WAY
SUITE 9200
BOSTON, MA 02210

Re: HILLIARD v. WINN
D.MASS. 04-40170-PBS

# PROOF OF SERVICE FOR INCARCERATED LITIGANTS

In addition to the above Proof of service, all litigants who are currently incarcerated should include the following statement with all documents to be filed with the court:

I certify that this document was given to officials[1] on this date for forwarding to the United States District Court for the District of Massachusetts. I further certify under penalty of perjury that the forgoing is true and correct. **Title 28 U.S.C. § 1746.**

Respectfully submitted this 20th day of October, 2004.

Anthony Hilliard
Name: Anthony Hilliard
Number: 18518-051
FMC Devens, Unit H-A
P.O. Box 879
Ayer, Massachusetts 01432

1 Pleadings by prisoners who represent themselves are to be considered filed at the moment such pleadings are delivered to prison authorities for forwarding to clerk. **Houston v Lack. 487 U.S. 266 (1988).**