IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY HILLIARD, )<br>)<br>　　　Petitioner, )<br>)<br>v. )<br>)<br>DAVID L. WINN, )<br>)<br>　　　Respondent. )<br>)<br>) | CASE NO.:　04-40170-PBS |

**RESPONSE TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS AND REQUEST FOR SANCTIONS**

　　Respondent David L. Winn, as he is Warden of Federal Medical Center Devens (FMC Devens), hereby responds to petitioner's Opposition to respondent's motion to dismiss the petition, and to petitioner's request for sanctions. As set forth more fully below, the request for sanctions is without merit since petitioner has put at issue his "discomfort" with being housed with sex offenders, and therefore has waived a privacy interest in the report at issue. Nor does the attachment of the report to respondent's brief violate the Privacy Act.

**ARGUMENT**

　　This response mainly addresses petitioner's request for sanctions, but respondent notes as an initial matter that petitioner essentially concedes in his Opposition that he has failed to exhaust his administrative remedies, asserting that because he was frustrated with the administrative process, he filed this action in court "out of desperation" and "to preserve his right of access to the Courts." Opposition at pp. 5-6, 10-12. Since petitioner has exhausted only the first of the three-tiered administrative procedures provided for pursuing his grievance, the petition is premature and must be dismissed. Petitioner also appears to be challenging the entire the Sex

Offender Management Program (SOMP).  Id. at 8-9.  Since he is not assigned to that program, however, he lacks standing to raise issues about its administration or constitutionality.

Petitioner asks that this Court impose sanctions because of the release by FMC Devens of a report by the SOMP Program Coordinator Cheryl Renaud, and its attachment to respondent's motion to dismiss.  Petitioner went to see Renaud about being transferred into a different unit. The attachment of her report to respondent's brief is a routine use sanctioned by the Privacy Act, and plaintiff has waived a privacy interest in the report because it addresses the same claims petitioner has put at issue in this litigation.

> **I.      Petitioner Has Put at Issue the Very Information He Now Complains Was Made Public, and Therefore Has Waived a Claim of Privacy in the Report.**

Petitioner claims his privacy interest in confidential medical information has been violated because respondent attached a confidential medical record to its Motion to Dismiss.  He has waived a privacy interest in the report, however, because he has put at issue in his petition his alleged psychological reaction to being housed with sex offenders, the subject of the report.

Although petitioner does not invoke a particular statute in his request, the attachment of the report at issue to respondent's brief violates neither the Constitution, nor any applicable statutes.  The Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. 104-191, 110 Stat. 1936, 42 U.S.C. §§ 1 et seq., and regulations promulgated thereunder by the Department of Health and Human Services, govern the protection of private medical information. The enactment of HIPPA in 1996 demonstrated Congress's increased concern for a patient's privacy interest in private medical information, and provided very detailed provisions for treatment of such records.  Before the enactment of HIPPA, however, a privacy interest in medical records had long been recognized.  See, e.g., Doe v. S.E. Penn. Transp. Auth., 72 F.3d

1133, 1137 (3d Cir. 1995) (recognizing a privacy interest in prescription records, and observing that medical information is inherently personal and "is precisely the sort [of information] intended to be protected by penumbras of privacy"). Medical records[1] maintained by a federal agency were also covered by the Privacy Act, 5 U.S.C. § 552a. This privacy interest, however, is neither absolute nor dispositive in all circumstances. See, e.g., Whalen v. Roe, 429 U.S. 589, 603-604 (1977) (upholding system of registering users of certain prescription drugs with state); Abdush-Shahid v. Coughlin, 933 F. Supp. 168, 185-186 (N.D.N.Y.1996) (stating that attachment of prisoner's medical records to motion for summary judgment did not violate Fourth Amendment). Where, as here, a litigant puts at issue the state of his or her physical or emotional health, the litigant waives the right of privacy in the medical records at issue. See Crawford v. Mannion, 1997 WL 148066 (S.D.N.Y.1997) (a plaintiff waives the right to privacy by bringing a lawsuit in which medical history is a pertinent issue); LeMaster v. Thomson, 1993 WL 189846 (N.D. Ill. Jun 03, 1993) (same). Here, plaintiff bases his claim on the very facts he now claims should not have been made public. Specifically, petitioner alleges:

> i. He did not want to be housed with sex offenders because of alleged "discomfort" with being around them. Petition, ¶ 14.a. He further alleges in his petition, to having a "strong discomfort" at being housed with sex offenders. Petition, ¶ 14.b. He also alleges that being housed with sex offenders was preventing him from serving the rest of his prison sentence in peace. Petition, ¶ 15.(1)c.;

---

[1] In general, HIPPA and its implementing regulations prohibit the disclosure of individually identifiable health information. In relevant part, the regulations define "protected health information" as "individually identifiable health information." 45 C.F.R. § 160.103. More specifically, "[b]oth Congress and HHS define 'individually identifiable health information' as information that 'is created or received by a health care provider, health plan, employer, or health care clearinghouse; and relates to the past, present, or future physical or mental health or condition of an individual, [or] the provision of health care to an individual.'" N.W. Mem'l Hosp. v. Ashcroft, 362 F.3d 923, 933 (7th Cir. 2004). It is unclear whether the report at issue here, prepared by the SOMP Program Coordinator, whom plaintiff sought out to discuss his housing within the prison, even comes within the statute. Petitioner did not consult Renaud for treatment, but as the official who administers the program. Petitioner concedes he consulted Renaud, as he consulted his unit manager and Lt. Colon, to request that he "be transferred from the housing unit" or "immediately to a more secure prison." Petition for Writ of Habeas Corpus ("Petition"), ¶ 14.a.

3

    ii.      His alleged strong reaction to sex offenders springs from "past experience" because young "family members" were allegedly sexually assaulted by someone. Petition, ¶ 14.a.; and

    iii.     His continued residence in the sex offender unit was having a psychological effect on him, and was going to cause him to be placed in a "situation" that might presumably induce him to become disruptive because his "problem" could cause interference "of the orderly running of the institution." Petition, ¶ 15.(1)c.

His psychological reaction to being housed with sex offenders is the very subject of Renaud's report, since plaintiff sought out Renaud to ask to be transferred to a different unit. He therefore has waived his privacy interest in the report of SOMP Coordinator Renaud, and so its attachment to respondent's brief violates neither the Fourth Amendment nor HIPPA. Since there is no general right not to have personal documents attached to pleadings in litigation, the only other possible cognizable claim petitioner might have is under the Privacy Act.

    **II.**    **The Attachment of the Report to Respondent's Brief Falls Within the Routine Use Exemption to the Privacy Act.**

The essence of plaintiff's petition is that he complained to officials about his alleged discomfort with being housed with sex offenders, and that he was placed in segregation in retaliation for complaining about his housing. Petitioner has thereby made an issue not only of his alleged discomfort and the psychological effect on him of being around sex offenders, but also of the reason for his being moved into segregated housing. The attachment of the report to respondent's brief therefore does not violate the Privacy Act, since it is clearly central to respondent's reply to the petition and claim of retaliatory transfer, and fits squarely within the routine use exemption.[2] 5 U.S.C. 552a(B)(3). DOJ regulations allow for the public filing of

---

[2] 5 U.S.C. § 552a(b) prohibits unconsented to disclosures of information concerning an individual unless the circumstances attendant to the disclosure place it within one of the enumerated exceptions. One such exception is the routine use exception, 5 U.S.C. § 552a(a)(7), which allows an agency to make unconsented to disclosures, provided the use to which the disclosed information is to be put is one which

4

record, or facts therefrom, in a proceeding before a court if it is determined by a U.S. Attorney's office that such records are "arguably relevant to the litigation." 63 Fed. Reg. 8659, 8666-68, subsections (o) and (p) (Feb. 20, 1998). The Privacy Act's legislative history recognizes the "compatibility" of this type of disclosure. See 120 Cong. Rec. 40,405, 40,884 (1974) (routine use appropriate where Justice Department "presents evidence [tax information from IRS] against the individual" in court); see also Mangino v. Dep't of Army, 1994 WL 477260 (D. Kan. Aug 24, 1994) (recognizing Department of Defense routine use permitting disclosure "to any component of the Department of Justice for the purpose of representing the Department . . . in pending or potential litigation to which the record is pertinent."); Schuenemeyer v. United States, No. SA-85-773, slip op. at 1-2, 4 (W.D. Tex. Mar. 31, 1988) (finding no violation of Privacy Act for disclosure of litigant's medical records to Justice Department and U.S. Claims Court, as the information was used "in preparing the position of the USAF before the [court]," and was authorized under agency routine use) (copy attached).

      For all of the foregoing reasons, petitioner's request for sanctions must be denied.

Dated: November 19, 2004                                Respectfully submitted,

                                                                          By his attorney,

                                                                          MICHAEL J. SULLIVAN
                                                                          United States Attorney

                                                                          /s/Barbara Healy Smith
                                                                          By: Barbara Healy Smith
                                                                          Assistant U.S. Attorney
                                                                          John Joseph Moakley U.S. Courthouse
                                                                          1 Courthouse Way, Suite 9200
                                                                          Boston, MA 02210
                                                                          (617) 748-3263

---

has previously been published in the Federal Register. Zeller v. United States, 467 F.Supp. 487, 503 (E.D.N.Y.1979); 5 U.S.C. § 552a(e)(4)(D).

**CERTIFICATE OF SERVICE**

I certify that on November 19, 2004, I caused a copy of the foregoing to be served by first class mail, postage pre-paid, to:

> Anthony Hilliard
> Reg #: 18518 051
> FMC Devens
> P.O. Box 879
> Ayer, MA 01432

  /s/ Barbara Healy Smith
Barbara Healy Smith
Assistant U.S. Attorney