**FILE COPY**

FILED
MAR 31 1986
CHARLES W. VAGNER, Clerk
By [signature]
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GEORGE E. SCHUENEMEYER, III, <br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Defendant. | ) <br> ) <br> ) <br> ) SA-85-CA-773 <br> ) <br> ) <br> ) |

## ORDER OF DISMISSAL

On this day came on to be considered the Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. The Court having considered the Memorandum of Law submitted in support thereof, Plaintiff's opposition thereto, and the entire record herein, is of the opinion that Defendant's Motion is meritorious.

Plaintiff, George E. Schuenemeyer, III, appearing pro se, has brought the above-captioned cause against the United States of America. The factual background of Plaintiff's claims is as follows. In 1984, the Plaintiff was involved in litigation before the United States Claims Court concerning his being released from active duty as an United States Air Force (USAF) officer. During the course of the litigation in June and July of 1984, the medical records of the Plaintiff were reviewed and evaluated by USAF officials at Brooks Air Force Base, Texas and the results of that review were forwarded to The General Litigation Division, Office of the Judge Advocate General, Department of the Air Force, in Washington, District of

Columbia. These results were forwarded to the United States Claims Court in the Plaintiff's litigation concerning the Plaintiff's release from active duty as an USAF officer. Plaintiff claims that this evaluation and its forwarding were done without his consent and not pursuant to Court Order and, thus, constitutes a violation of the Privacy Act, 5 U.S.C. Section 552a(g)(1).

In February 1984, Plaintiff filed, with the Air Force Human Resources Laboratory Commander, an Air Force Human Resources Laboratory On-The-Job Training Staff Asssitance Visit Report (AFHRL OJT SAV) dated February 29, 1984. The Plaintiff filed the report in his capacity as the AFHRL OJT manager. Plantiff complains of reprisal for the preparation and submission by the Plaintiff of this report. The Plaintiff asserts both reprisals and failures to act, in violation of Air Force regulations and Articles of the Uniform Code of Military Justice. Plaintiff asserts that these are violations of 28 U.S.C. Section 1491, but fails to assert the manner of violation.

Plaintiff asserts as jurisdiction for this Court, the Privacy Act, 5 U.S.C. Section 552a; 28 U.S.C. Section 1491; and various Air Force regulations. The Air Force regulations asserted as the basis of jurisdiction provide no such basis in and of themselves. Furthermore, as 28 U.S.C. Section 1491 provides jurisdiction solely for the United States Claims Court and not for United States District Courts, this Court, as a United States District Court, has no jurisdiction. Accordingly, this Court is

jurisdictionally competent only to consider Privacy Act actions.

The Court finds the United States of America is an improper Party with regard to Plaintiff's Privacy Act Claim. The Privacy Act, 5 U.S.C. Section 552a(g)(1), contains language permitting suit to be brought against an "agency" of the federal government, and not against the generalized "federal government". Accordingly, the Defendant, the United States of America, must be dismissed from the portion of this action constituting a Privacy Action, as an improper party.

Assuming arguendo, that this Court was competent to adjudicate the alleged causes of actions under the jurisdiction statutes asserted, and the United States was a proper party, the Plaintiff fails to state any cause of action upon which relief can be granted. In sum, assuming these violations occurred, the violation of Air Force regulations, in and of itself does not provide jurisdiction to this Court. Furthermore, without a specific showing as to how the violations occurred no cause of action exists. Clearly, the alleged violations are not violations of 28 U.S.C. Section 1491 which is merely the jurisdictional statute for the United States Claims Court.

First, the Court finds that no Privacy Act violation occurred. The accessing of the Plaintiff's medical records and transmission of the information to the Department of Justice was within the authority of the Privacy Act. 5 U.S.C. Section 552a. The information was used in preparing the position fo the USAF before the United States Claims Court in George E. Schuenemeyer, III v. United States, 6 Cl. Ct. 97 (1984). The accessing and showing of pertinent medical record information were authorized under the Privacy Act by 32 C.F.R. 806b and the blanket routine use in effect during June, July, and August 1984. Id, Paragraph 8,9, Exh. 1-4.

All the purported reprisals and failures to act asserted by the Plaintiff with respect to the AFHRL OJT SAV Report were done by USAF officers and employees, to wit: Alan Ernst, Alfred A. Boyd, Jr1, Dr. Warren L. Carpenter, and Anthony F. Bronzo, while the Plaintiff was a member of the USAF. Plaintiff's claims against USAF Personnel are absolutely barred by Feres Doctrine Immunity. See Feres v. United States, 340 U.S. 135 (1950); Chappell v. Wallace, 103 S.Ct. 2362 (1983). The named individuals have absolute immunity from suit and from consequent remedies as any cause of action arose from Plaintiff's military service. The circumstances of any cause of action occuring incident to Plaintiff's military service require this Court to dismiss any causes of action with respect to the AFHRL OJT SAV Report.

Lastly, the Plaintiff is seeking remedies for alleged

Privacy Act violations and for non-specified violations against the above-named individuals. These individuals not parties to this suit. None of these named individua have been served in either their individual or official capaicty. As such, this Court is without jurisdiction t grant any relief sought against them.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that t above-captioned cause be DISMISSED with prejudice for failure to state a claim upon which relief can be grante and for lack of jurisdiction.

SIGNED and ENTERED this the 31st day of March, 1988.

LUCIUS D. BUNTON

UNITED STATES DISTRICT JUDG