IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANTHONY HILLIARD, )
)
    Petitioner, )
)
v. )  CASE NO.: 04-40107-PBS
)
DAVID L. WINN, )
)  ADDENDUM TO PETITIONER'S
    Respondent. )  MOTION IN OPPOSITION TO
)  GOVERNMENT'S RESPONSE AND
)  REQUEST FOR SANCTIONS
)

## INTRODUCTION

    The Petitioner, Anthony Hilliard, has filed the instant action in Federal Court CASE NO.: 04-40170-PBS. This action was filed as a result of RESPONDENT DAVID L. WINN, ET AL. making coercive and misleading statements to Petitioner, and taking retaliatory action when Petitioner had attempted to seek psychological help and address his concerns administratively.

## BACKGROUND AND FACTS

    1) Since the Petitioner has filed the instant action in Federal Court, RESPONDENT'S staff have taken notice of Petitioner and expressed their disapproval in a thinly veiled threatening manner. This has been an across the board response from institution staff that has resulted in confrontational situations that have nearly led to formal incident reports.

    2) Staff has opened legal mail, addressed from the Court pertaining to the instant action, outside the presence of the Petitioner. This is willful disregard of BOP Policy on legal mail being opened in an inmate's presence and properly logged. Institution staff became hostile and threatening when Petitioner attempted to use the administrative remedy process to address his mail from the Court being opened contrary to published BOP policy. Please take notice of Petitioner's EXHIBIT Q.

    3) Staff has taken the general position that the Petitioner has made misleading statements. An example in point comes from page 3 of the Governments Response of 10/04/2004 where it was stated DR. RENAUD had informed Petitioner he had been misinformed about H Unit being a housing unit for sex-offenders. Please

refer to Petitioner's EXHIBIT P which is a receipt for an administrative remedy from the BOP CENTRAL OFFICE. This receipt indicates H Unit as a designated SOMP unit.

## ARGUMENT

Petitioner has attempted to utilize institution counseling services and administrative remedy programs in good faith. Respondent's staff retaliated by moving Petitioner to Unit H-SOMP housing as the result of his taking good faith efforts to address his concerns. It does not serve any legitimate penological or government interest to have made a retaliatory housing move of the Petitioner to Unit H-SOMP. Petitioner has taken the position the Respondent's staff knowingly transferred Petitioner to Unit H-SOMP with the intent to cause Petitioner trouble that would provoke a formal BOP incident report. This placement of Petitioner in Unit H-SOMP has caused SOMP program participants subjective stress because the SOMP participants are fully aware of Petitioner's views due to staff over communication to other inmates about Petitioner's views. Not only has the Respondent's retaliation had a detrimental effect on the Petitioner, it has also had a negative impact on the SOMP participants housed in Unit H-SOMP.

The Respondent's claim through staff that there is no SOMP unit designated, when the BOP CENTRAL OFFICE formally recognizes Unit H-SOMP in administrative correspondence, certainly is demonstrated bad faith. This misstatement should be specifically sanctioned by the Court.

The Respondent's staff opened legal mail related to the instant Court action. Subsequent to Petitioner seeking administrative redress to the issue of mail related to the instant Court action being improperly opened, Respondent's staff has begun to properly handle mail related to the instant Court manner. However, Petitioner requests the Court to take judicial notice of the threat to delay Petitioner's mail made at the time administrative redress was sought. Respondent's staff clearly and unambiguously stated to Petitioner that if he persisted in the administratively pursuing the legal mail matter, he could expect as a consequence his future mail be delayed. This

type of conduct, by Respondent's staff, should not be tolerated by the Court and deserves formal sanction.

Respectfully submitted this 15th day of November, 2004.

*Anthony Hilliard*
ANTHONY HILLIARD
18518-051
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432