IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANTHONY HILLIARD,
Petitioner,

v.

DAVID L. WINN,
Respondent.

CASE NO.: 04-40170-PBS

**MOTION CONTESTING FACTUAL ALLEGATIONS IN RESPONDENT'S MOTION**

**RESPONSE TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS AND REQUEST FOR SANCTIONS**

Respondent Warden David L. Winn at the Federal Medical Center DEVENS has made factual misstatements in the November 19, 2004, response. Respondent has stated on the record Petitioner has exhausted only the first of the three-tiered administrative procedures in pursuing his grievance. Respondent further contends Petitioner waived a privacy interest by putting at issue his grievance through attempted use of the Administrative Remedy program and/or petitioning the Federal Courts. Petitioner seeks to put the Court on notice of factual discrepancies in Respondent's latest response, and to take issue with Respondent's position therein.

**STATEMENT OF FACTS**

1. Respondent has misrepresented to the Court that as of November 19, 2004, Petitioner has allegedly exhausted only the first of the three-tiered administrative procedures.

2. Petitioner's "Exhibit F" page 4 is the second tier BP-10 Regional Administrative Remedy appeal dated 10/05/2004 #351981-R1.

3. Petitioner's "Exhibit S" is the Regional Director's response to Regional Administrative Remedy appeal #351981-R1.

4. Petitioner's "Exhibit T" page 1 is a copy of BP-11 Central Office Administrative Remedy appeal stamped as being received on November 18, 2004. Note that the inmate access copier makes poor copies, due to disrepair, and the BOP Date stamp

is not clear.

5. Petitioner's "Exhibit T" page 2 is an Administrative Remedy rejection notice dated November 22, 2004. The rejection is based on the confused claim by the BOP that Petitioner filed his BP-11 Central Office Administrative Remedy appeal at the wrong level. Quite incredulously the rejection notice states Petitioner should have properly filed his BP-11 Central Office Administrative Remedy appeal at the local institutional level.

6. At the time of the Government response of November 19, 2004, the respondent and the Court was fully aware Petitioner had properly proceded to the second tier Regional Administrative Remedy appeal. This is evidenced by the fact Petitioner's "Exhibit F" was filed to the Court and US ATTORNEY'S office on October 20, 2004.

7. The Court and the respondent are fully aware that Petitioner has been stone-walled by Respondent in attempts to obtain published BOP Program Statements on PSYCHOLOGY SERVICES that include information on privacy act policy regarding medical/ psychological records. Petitioner's "Exhibit H" is his administrative attempt to request Respondent and staff to comply with 28 CFR preferred simple local access procedures.

8. Respondent and staff knowingly and willingly obstructed Petitioner's access to privacy act policy on medical/ psychological records. Respondent could have made such privacy act policy immediately available to Petitioner. Instead Respondent has improperly compelled Petitioner to go through a lengthy FOIA/PA request from BOP Central Office to obtain the policy on privacy act policy towards medical/ psychological records.

9. In lieu of not being able to review privacy act policy in applicable BOP Program Statements improperly withheld from Petitioner by Respondent, the Petitioner had a reasonable expectation of privacy towards the session records kept by psychology services that are at issue in this present matter before the Court.

10. Petitioner is not challenging the entire SEXUAL OFFENDERS MANAGEMENT PROGRAM.

11. Petitioner is challenging the BOP's handling of the formal Administrative Remedy Program which Petitioner claims

amounts to defacto obstruction of Petitioner's ultimate meaningful access to the Courts.

12. Petitioner is challenging Respondent's summarily placing Petitioner in H-SOMP Unit as retaliation for Petitioner making known his subjective stress related to the type of individual generally placed in a SOMP type program.

13. Petitioner is not challenging the SOMP program. Petitioner's issues have standing because the Petitioner was in counseling sessions with psychology services staff under Respondent's control.

**ARGUMENT**

Respondent has misconstrued Petitioner's timely filed BP-11 Central Office Administrative Appeal. Respondent has misconstrued Plaintiff's Central Office Administrative appeal, (Exhibit T page 1) stamped as received on November 8, 2004, as a second BP-10 Regional Office administrative Appeal. This is evidenced by the case number assigned to the Central Office Administrative Remedy Appeal (351981-R2) which shows this BP-11 being deemed as a second BP-10.

The rejection notice (Petitioner's Exhibit T page 2) instructs the Petitioner to file correctly at the local institutional level. Petitioner's Exhibit S is a copy of the BOP Regional Director's response of November 8,2004, to Petitioner's BP-10 Regional Office Administrative Remedy Appeal number 351981-R1. Petitioner upon receipt of the Regional Director's response promptly filed his BP-11 Central office Administrative Remedy Appeal. On november 18, 2004, exactly one day prior to Respondent's formal response, the BOP rejected Petitioner's timely filed BP-11 Central Office Administrative Remedy Appeal by assigning it a BP-10 Regional Office Administrative Appeal number 351981-R2. The BOP in misconstruing Petitioner's Central Office Administrative Remedy Appeal as a second BP-10 has effectively acknowledged the fact Petitioner had already timely filed his Regional Office Administrative Remedy Appeal.

Petitioner's timely filed Central Office Administrative Remedy Appeal is the proper form as is evidenced by the title at the top of the form (Petitioner's Exhibit T page 1). The BOP instructing the Petitioner, to properly file his BP-11 Central

Office Administrative Remedy Appeal at the local institutional level, is pure unadulterated nonsense. Petitioner's Exhibit T page 1 on its face is a PB-11 Central Office Administrative Remedy Appeal. It is dated received by the BOP on November 18, 2004. Contrary to the Respondent's allegations, the Petitioner has in fact fully exhausted all available Administrative Remedies as per the PRISON LITIGATION REFORM ACT requirements.

Respondent's conduct, of improperly claiming Petitioner's timely filed BP-11 Central Office Administrative Remedy Appeal as a second Regional Office Administrative Remedy Appeal to be refield at the local institutional level as a BP-9 Administrative Remedy, is very thinly veiled obstruction of Petitioner's access to the Administrative Remedy program.

This conduct, besides being completely illogical, amounts to quite literally a case of the Respondent et al. running the Petitioner around in circles! Such conduct amounts to Respondent et al. deliberately obstructing the Petitioner's meaningful access to the Federal Courts. This conduct, that effectively obstructs Petitioner's meaningful access to the Federal Courts, is actionable.

Petitioner has obviously timely filed all available Administrative Remedies, and Respondent has run the Petitioner around in circles in a manner that can only be deemed by the Court as deliberate obstruction. In order to curb Respondent's practice of obstruction of the Administrative Remedy process, and by logical legal extension meaningful access to the Federal Courts, this Court should impose sanctions.

Respondent's actions in summarily placing Petitioner in H-SOMP Unit, immediately after Petitioner made his subjective distress known to Respondent et al., can only be deemed by this Court as retaliatory. Certainly no legitimate government interest or penological benefit can be justified through the placement of Petitioner in a housing unit (H-SOMP UNIT) with a preponderance of SOMP program participants. This retaliatory placement of Petitioner in H-SOMP Unit has been detrimental to both Petitioner and SOMP program participants.

Government and penological interests will be better served by Respondent providing Petitioner a <u>TRANSFER FOR ADJUSTMENT</u>

PURPOSES to another BOP facility. A TRANSFER FOR ADJUSTMENT PURPOSES is an administrative option used to resolve problems in institutional adjustment.

Petitioner had a reasonable expectation of privacy in his psychology services sessions. Psychology services staff did not deem Petitioner a threat to himself of others. The PDS contact notes are a data base of RAW psychological session data. It is inappropriate for the Respondent to release RAW psychology information on the Petitioner, or any other inmate, to non-professional BOP staff other than trained certified psychology staff. Absent a clear showing of institutional disruption potential or harm to others, the release of even an interpretive report on Petitioner's psychology services records is not easily justified.

Petitioner is not trained in the law. Petitioner was given a disclaimer by psychology services staff before his psychology services sessions. That disclaimer did not mention "ROUTINE USE SANCTIONED BY THE PRIVACY ACT" as a reason for disclosure of Petitioner's raw psychology services session data to the public. Even if the Petitioner's raw psychology services session data were only disseminated within the institution under the doctrine of Privacy Act sanctioned routine use, the release would have been improper because this was raw psychology services session material that should only be released to non psychology trained professionals. The Respondent's placement of raw psychology services session data, in the public court record, goes beyond the intent of the Privacy Act routine use interpretation presented to this Court.

This Court allowing the Respondent et al. to release raw psychology services session data, to the public as well as non psychology trained BOP staff, will condone a practice that is counter to APA (American Psychology Association) standards for professional practice.

Respondent's conduct to date has had a marked "chilling effect" on the Petitioner's attitude towards participating in counseling and psychology services programs. This Court allowing Respondent to not follow professional standards in the release of information, by Respondent's utilizing the Privacy Act routine use doctrine as a mere administrative convenience, will most

certainly have a "chilling effect" on all program participants. Respondent's conduct of following a legal doctrine, that they claim allows routine use of raw psychology services session data, burdens the Petitioner's use of the Administrative Remedy process of access to the Court. According to the Respondent's Administrative and legal interpretation of the Privacy Act routine use provision, the Petitioner loses all expectation of Privacy when he chooses to exercise his rights of meaningful access to the Federal Courts.

Respondent has interpreted the Privacy Act routine use provision as effectively negating Plaintiff's privacy interests, as well as justification for the Respondent to not follow APA guidelines on the administrative handling of raw psychology services session files.

This Court's failure to sanction the Respondent will have a disruptive effect on participants in all psychology services programs in the BOP, since confidentiality of raw psychology services session data will be meaningless due to the PRIVACY ACT routine use interpretation employed by the Respondent.

The matters at issue, related to Privacy Act administrative interpretation operant by Respondent, are of major concern to not just the Petitioner but all counseling/treatment program participants.

Petitioner requests the Court to address in detail these Privacy Act concerns, since Respondent's routine session disclaimers fail to warn program participants that under Respondents routine use interpretation of the Privacy Act there can be no expectation of privacy. Respondent also fails to warn prospective counseling/treatment participants that any attempt to use the Administrative Remedy process, or to meaningfully access the Federal Courts will summarily revoke all privacy interests.

Petitioner requests the Court to order the Respondent to modify the present session disclaimer Respondent et al. currently provides all counseling/treatment participants to include an unambiguous warning that privacy expectations are eliminated by the Respondent's operative administrative interpretation of the Privacy Act routine use provisions.

Respondent has not followed the provisions of the 28 CFR

for simple local access procedures on BOP program statements. Instead the Respondent is requiring Petitioner to use full FOIA/PA procedures through the BOP Central Office to obtain BOP program statements relevant to the Privacy Act matters at issue in the present case. The Respondent is deliberately making it more difficult for Petitioner to be timely, completely, and accurately informed on complex Privacy Act related issues. Again this is part of the pattern of conduct of the Respondent that the Court should address in the sanctions. The ambiguous session disclaimer, the obstruction of administrative efforts, and retaliation all have a negative and "chilling effect" on counseling/treatment programs this Court should be able to remedy.

Filed pro Se
by Anthony Hilliard
12/1/04

**HILLARD, Anthony**
Reg. No. 18518-051
Appeal No. 351981-R1
Page One

**Part B - Response**

You appeal the decision of the Warden at FMC Devens to deny your request for a transfer to a facility that does not house a large number of sex offender inmates. You feel these inmates are not getting the necessary supervision and staff are not controlling their indecent activities. You request a transfer.

Program Statement 5100.07, Security Designation and Custody Classification Manual, permits staff to use professional judgement within specific guidelines when making classification decisions. The objective of this system is to place each inmate in the lowest security level facility for which the inmate qualifies, normally within 500 miles of the inmate's release residence, while maintaining population balance throughout the Bureau. Circumstances such as security needs, inmate safety concerns and the needs of the Bureau may prevent placement of an inmate as close to the legal residence as desired.

Records indicate you were designated to FMC Devens as a lesser security transfer. You are a Low Level, In custody inmate and FMC Devens is commensurate with your security needs. In addition, FMC Devens is approximately 168 miles from your residence which complies with Bureau objectives. You are not eligible for a transfer at this time. If you have a specific concern for your safety, you must advise staff immediately. Institution staff are diligent in handling inmate misconduct in accordance with Bureau policy, however, you also have an obligation to report known violations of policy so that these issues can be addressed. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: November 8, 2004

D. SCOTT DODRILL
Regional Director

EXHIBIT 5

[illegible] Administrative Remedy Appeal

[illegible]

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Hilliard Anthony | 18518-051 | H-B | Devens
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

Part A—REASON FOR APPEAL In the BP-10 Response Inmate Security and Safety needs are Cited as the reason to keep me at FMC Devens. I have been Summar[illegible] moved to [illegible] Unit [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

[illegible]

[illegible] Busy [illegible] the Court case Cited in [illegible] which [illegible] Fifth Amendment [illegible] to Require SOMP inmate to fully participate in the program. This case is well known [illegible] many SOMP inmate cannot be Effectively Controlled Because they Feel they Do not have to fully participate. I am being both retaliated against and held responsible for a program that has a Questionable Constitutional Basis. Fort Dix is Close to my Home than FMC Devens. There is also Otisville. I am requesting a transfer for Adjustment Purposes, and to be Free of Further Staff retaliation at FMC Devens.

11/15/04
DATE

Anthony Hilliard
SIGNATURE OF REQUESTER

Part B—RESPONSE

NOV 18 2004

DATE

GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 351981-R2

Part C—RECEIPT

EXHIBIT T PAGE 1

CASE NUMBER:

Return to:
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL



Printed on Recycled Paper

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 22, 2004

D. Vostyko For

FROM: ADMINISTRATIVE REMEDY COORDINATOR
NORTHEAST REGIONAL OFFICE

TO : ANTHONY HILLARD, 18518-051
DEVENS FMC UNT: H UNIT QTR: H03-306U
P.O. BOX 880
AYER, MA 01432

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID : 351981-R2 REGIONAL APPEAL
DATE RECEIVED : NOVEMBER 18, 2004
SUBJECT 1 : TRANSFER - OTHER
SUBJECT 2 :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE WRONG LEVEL. YOU SHOULD HAVE FILED AT THE INSTITUTION, REGIONAL OFFICE, OR CENTRAL OFFICE LEVEL.

EXHIBIT T PAGE 2