

04 CV 40170 - PBS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES DISTRICT COURT
BOSTON MASSACHUSETTS

U.S. MAGISTRATE JUDGE
OFFICE OF
COLLINGS
OCT 2005

Anthony Hilliard,                    )
        Petitioner,                  )
                                     )
                                     )    PETITIONER'S REQUEST FOR LEAVE BY THE UNITED
                                     )    STATES DISTRICT COURT FOR THE DISTRICT OF
v.                                   )    MASSACHUSETTS TO AMEND PETITIONER'S RESPONSE
                                     )    TO RESPONDENT'S MOTION TO DISMISS PETITIONERS
                                     )    PETITION FOR WRIT OF HABEAS CORPUS PURSUANT
David L. Winn,                       )    TO RULES OF CIVIL PROCEDURE RULE 15(b).
        Respondent.                  )

## PRELIMINARY STATEMENT

The Bureau Of Prisons  subsequently denied the Petitioner,
Anthony Hilliard, the Due process rights of clearly established
discretionary functions under  28 C.F.R. § 542. 10 , 11 (Admin-
istrative Remedy  Program; 28 C.F.R. § 524.41(B))prepare and submit
a "transfer progress report" in violation of the equal protection
of law clause.

28 C.F.R. § 542.10, 11 states "The BOP Adminitrative Remecy
Program is a process through which inmates may seek formal review
of an issue which relates to any aspect of their confinement".
"It is the responsibility of the warden, regional director,
and general counsel to establish procedures for receiving, re-
cording, reviewing, investigating, and responding to administrative
remedy "requests" or "appeal" submitted by an inmate".

28 C.F.R. § 524.41(D) states: "transfer Progress Reports
prepared on an inmate recommended for transfer to a Community
Corrections Center (CCC) or to another institution and whose
progress has not been summerized within the previous 180 days."

(1)

## STATEMENT OF FACTS

Petitioner, Anthony Hilliard is a United States Code Offerder (Federal Register Number 18518-051), who is currently in a Federal Prison under the aegis of the Bureau Of Prisons.

On August 16, 2001, the Petitioner Anthony Hilliard was sentenced in the United States District Court, District Of New Mexico  to a prison term of 156 months and committed to the custody  of the United States Attorney General and the Federal Bureau Of Prisons (BOP).

On January 20, 2004, petitioner Hilliard arrived at FMC Devens, Massachusetts as a lower security transfer from F.C.I. Schuykill Pennsylvania.

While at FMC Devens, Petitioner Hilliard made numerous attempts to seek formal review  through the BOP Administrative Remedy  program pursuant to 28 C.F.R. § 542 10, 11 in being plaxed in a sexual-offender management program (S.O.M.P. Unit), which Petitioner was not charged, in violation of the Equal Protections of Law Clause pursuant to the 14th Amendment of the United States Constitution  because 1.) Similarly situated inmates have been afforded the clearly established discretionary right of being transfered from the S.O.M.P Unit after seeking formal review through the BOP Administrative Remedy Program, 2.) there is no rational relation between the dissimilar  treatment and any legitimate penal interest. See **Bovin v. Black,** 225 F.3d 36, 44 (1st Cir. 2000); **Hosna v. Groose,** 80 F.3d 298 (8th Cir. 1996) (setting out the two part standard.)

(2)

David L. Winn (Warden), D.Scott Dodrill (Regional Directo:)
and General Counsel failed to appropriately investigate and
address this error of judgement.

On March 3, 2005, Petitioner Hilliard was transfered from F\IC
Devens to FCI Ray Brook, in Ray Brook New York without a
transfer progress report in violation of 28 CFR § 524.41(D) anc :he
equal protection of law clause. **Bovin v. Black,** 225 F.3d 36, 44 :1
St. Cir. 2000); **Hosna v. Groose,** 80 F.3d 298 (8th Cir. 1996). Tit:
petitioner was transfered as a result of filing this petition f)r
writ of Habeas Corpus as a means of sabotaging petitioner's eff)tt
to gain relief in this matter, in violation of the Due Process
Clauses of the 5th and 14th Amendment of the United States
Constitution. See **Wolff v. McDonnell,**418 U.S. 539, 558 (1974)
(Citing **Dent v. W.Va,** 129 U.S. 114, 123 (1889)(The Due process
clauses are designed to protect the individual against arbitrary
government action)

Petitioner contends that the transfer from FMC Devens to F(I
Ray Brook, without a transfer progress report deprived the
Petitioner of a protective interest because 28 CFR § 524.41(D)
clearly establishes a discretionary function to be followed upcn
an inmates transfer (See **exhibit A and B**). See **Sameric Corp. v.
City Of Philadelphia,** 142 F.3d 582, 590 (3rd Cir. 1998).

## ARGUMENT

### 1.) APPLICABLE LEGAL STANDARDS

#### a.) STANDARD FOR FAILURE TO STATE A CLAIM

The United States Supreme Court holds "a [complaint] should
not be dismissed for failure to state a claim unless it appear;
beyond a doubt that the Petitioner can prove no set of facts

in support of his claim  which would entitle  him to relief".
**Haines v. Kerner,** 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct.594.

### b.) STANDARD FOR PRO SE COMPLAINT

The U.S. Supreme Court also holds allegations of a pro se
[complaint] to less stringent standards than formal pleadings
drafted by lawyers..... **Haines v. Kerner,** 404 U.S. 519, 30 L.
Ed 2d 652: and moreover, , that no litigant's [petition] may be
dimissed under Federal Rules Of civil Procedure 12(B)(6). Also,
see **Conley v. Gibson,** 355 U.S. 41, 45-46, 2L.Ed 2d 80(1957);
**Jackson v. Statler Foundation,** 496 F.2d at 626 (2nd Cir. 1974);
**Gale v. U.S. Dept. Of Justice, Federal Bureau Of Prisons,** 628
F.2d 226 (D.C. Cir. 1974) In **Redwood v. Counsil of the Distric:
of Columbia,** 679 F.2d 933 (D.C. Cir. 1974)(A [complaint] may not
be dismissed as frivolous if "any of the legal points [are]
arguable on the mertis").

### 2.) RESPONDENT CLAIMS THAT PETITIONER FAILED TO EXHAUST ADMINISTRA-TIVE REMEDIES IS WITHOUT MERIT.

Petitioner contends that even the respondent's record in-
dicates that Petitioner Hilliard exhausted ALL available
Administrative remedies , other than the fact that the third
tier  was forwarded to the wrong address, which is a common
occurance. Normally, the agency  would forward the documents
to the proper receipient. (See Respondent's response to
Petition for Writ Of Habeas Corpus / Pgs. 7-8.)

(4)

Petitioner further contends that it is well established
that the explicit exhaustion requirements which are contained in
..... the...... AEDPA......and the.....PLRA do not apply to
Habeas Petitions filed under 28 U.S.C. § 2241. See **Monohan,** 275
F.supp. 2d at 204, quoting **U.S. v. West,** 2003 WL 111990,2 (E.D.
Mich., Feb.20, 2003); See also **U.S. v. Catalan-Roman,** 329 F.Supp.
2d 240, 251 (D.P.R., 2004)("the statutory PLRA exhaustion
requirement does not apply to § 2241 proceedings.")

## RECOMMENDATION

For the foregoing reasons, I recommend that Petitioner's
petition for writ of Habeas Corpus be granted and that the
respondent's Motion To Dismiss be denied.

I declare under the penalty of perjury that the foregoing
is true and correct.

Respectfully Submitted,

Anthony Milliard, Pro se
Fed.Reg.No. 18518-051
Fed.Corr.Inst.Ray Brook
Post Office Box 900
Ray Brook, New York 12977

DATED: 9/30/05

(5)

## CERTIFICATE OF SERVICE

I, Anthony Hilliard, do hereby certify that I have served

a true copy of the aforementioned document to the following

Parties:

United States District Court
District Of Massachusetts
1 Courthouse way
Boston, Massachusetts 02210
Attention: Office Of Magistrate Justice Robert Collings

David L. Winn, Warden
FMC Devens

F. M. C. Devens
P.C. Box 879
Ayer, MA 01432

This document has been forwarded via first class, pre-paid

postage on this _____ day of _____, 2005.

Anthony Hilliard, pro se